HARRY JENNINGS *vs.* THE COMMONWEALTH.

Upon an indictment for burglary, charging in one count a breaking and entering in the night time with intent to steal and an actual larceny; and a general verdict of guilty, "but not in the night time;" the attorney for the Commonwealth may enter a *nolle prosequi* as to so much of the indictment as charges the breaking and entering, and the defendant be sentenced for the larceny.

WRIT OF ERROR to reverse the judgment in a criminal proceeding against the plaintiff in error. Plea, *in nullo est erratum.*

The record showed that an indictment was found and returned into the superior court for Suffolk, for the transaction of criminal business, at February term 1869, charging that the plaintiff in error on July 9, 1866, at Boston in said Suffolk, "with force and arms, a certain building there situate, to wit, the shop of one George H. Gooding, in the night time of said day, did break and enter, with intent then and therein to commit the crime of larceny," and certain gold coin, of the value of $13,000 and property of Gooding, "in said building then being found," "did then and there in said building feloniously steal, take and carry away," against the peace, &c. ; that to this charge he pleaded that he was not guilty ; that on his trial at March term 1869, before *Lord*, J., the jury returned a verdict that he was guilty "but not in the night time;" that the district attorney then entered a *nolle prosequi* as to so much of the count as charged breaking and entering ; and that the court thereupon sentenced the plaintiff in error to be punished by imprisonment in the state prison for four years.

The assignment of errors was: 1. " That when the said judgment was rendered the said Jennings was not convict by his own plea, or by verdict of a jury, of any offence in law." 2. " That the said judgment and sentence were rendered and imposed without authority of law."

*P. R. Guiney*, (*J. D. Fallon* with him,) for the plaintiff in error. The finding of the jury was for the burglary; and for that only. In *Commonwealth* v. *Hope*, 22 Pick. 1, it was adjudged that upon an indictment like the present, and a general verdict of guilty, the defendant was to be sentenced as for housebreaking, and was not liable to a distinct sentence for larceny. See also *Commonwealth* v. *Jenks*, 1 Gray, 490. In the case at bar, the qualification as to time clearly indicates the purpose of the jury to convict of breaking and entering; for otherwise the phrase, " not in the night time," would be meaningless, since it is immaterial whether a larceny is committed by day or night, but not so with a burglary. Gen. Sts. *c.* 161, §§ 12–14. Upon the record, then, as it stood, the plaintiff was liable to judgment and sentence for housebreaking; and not for the larceny, which was merged in the burglary, and of which he was not convict. By entering a *nolle prosequi* as to the burglary, in this condition of the case, the attorney for the Commonwealth left no basis for a legal judgment and sentence.

*J. C. Davis*, Assistant Attorney General, ( *C. Allen*, Attorney General, with him,) for the Commonwealth.

GRAY, J. The regularity and sufficiency of the indictment, verdict and sentence in this case are established by authority. An indictment for breaking and entering a building with intent to steal may, and usually does, include, in the same count which alleges the breaking and entering with intent to steal, a charge of an actual stealing in the building. Upon such a count, the jury may return either a general verdict, or a verdict of guilty of the larceny only. If the verdict is general, it is a conviction of the whole compound offence alleged, including both the breaking and entering with felonious intent and the larceny. Upon one count indeed not more than one punishment can be imposed, and therefore, if sentence is moved for upon a general verdict of guilty,

it will be given for the greater crime of breaking and entering
only; and such a verdict is not deemed a distinct conviction for
larceny, in computing the number of such convictions necessary
to make the defendant punishable as a common and notorious
thief.    But the attorney for the Commonwealth may enter a
*nolle prosequi* as to so much of the indictment as charges a break-
ing and entering; and if such a *nolle prosequi* is entered after a
general verdict of guilty and before sentence, the defendant may
be sentenced for the larceny.    *Commonwealth* v. *M'Monagle*,
1 Mass. 517.    *Commonwealth* v. *Tuck*, 20 Pick. 356.    *Commn-
wealth* v. *Hope*, 22 Pick. 1.    *Kite* v. *Commonwealth*, 11 Met.
581.                                    *Judgment affirmed.*