STATE *vs.* MARY VIOLA BEAN.

Franklin.   Opinion August 28, 1885.

*Indictment, nolle prosequi as to part. Arson. Intent.*

Any part of a count, in an indictment, which in its nature is separable from the rest, may be removed by *nolle prosequi*, and the remainder stand, although the discontinuance is not assented to by the accused.

Where a count charges the burning of a dwelling-house and a barn, a *nolle prosequi* may be entered as to the barn.

In an indictment for arson the intention to burn and destroy is sufficiently alleged by the averment that the act was done "feloniously, wilfully and maliciously."

ON REPORT.

Indictment charging that the defendant did feloniously, wilfully and maliciously set fire to and burn a dwelling house and barn.

By consent of the parties the case was reported to the law court. If the *nol pros.* (sufficiently stated in the opinion) was properly allowed and the indictment was sufficient, then it was to stand for trial, otherwise it was to be quashed.

*Joseph C. Holman,* county attorney, for the state, cited: Maine Civil Officer, 460; 71 Maine, 354; 67 Maine, 328; *Com.* v. *Tuck,* 20 Pick. 356.

*H. L. Whitcomb,* for the defendant.

The indictment as drawn described two separate and distinct offenses in the same count. Such an indictment can not be sustained. *Com.* v. *Symonds,* 2 Mass. 163; 1 Archibald, 95 and note, (7th ed. page 313); 35 Maine, 9; *State* v. *Nelson,* 8 N. H. 163; *People* v. *Wright,* 9 Wend. 196; *U. S.* v. *Sharp,* 1 Peters, C. C. 131 or 118.

There is no offense charged in the indictment. There is no crime unless the fire is set "with intent to burn such dwelling house." R. S., c. 119, § 1. In this indictment there is no allegation of an "intent to burn."

PETERS, C. J. In a single count the defendant was charged with burning a dwelling house and a barn. An objection was interposed, before the jury was impaneled to try the case, that the indictment was bad for duplicity. Thereupon, the prosecuting officer, with leave of court, but against the defendant's consent, entered a *nolle prosequi* to so much of the indictment as charged the burning of the barn. The defendant's counsel denies the right of dividing a count by entering a discontinuance to a part of it.

It was held in *State* v. *Burke,* 38 Maine, 574, that a *nolle prosequi* may be entered as to any part of a count whereby the charge is made less criminal. We think it may be entered, at proper time, to the whole indictment, or to any count or counts in it, or to any person or persons named in it, or to any part of a count. Such has been the common practice in our courts. Any part of a count, which is in its nature separable from the rest, may be removed by *nolle prosequi,* and the remainder stand. The defendant is not injured by the removal of superfluous or double allegations. He thus gets rid of the embarrassment he complains of. *Jennings* v. *Commonwealth,* 105 Mass. 586; *Commonwealth* v. *Dean,* 109 Mass. 349; *Commonwealth* v. *Tuck,* 20 Pick. 356; 1 Bish. Cr. Proc. (3 ed.) § 1391; Heard Cr. Pl. 128.

It is objected to the count that it does not declare that the defendant set fire to the building with an intent to burn and destroy it.    The intent is fully alleged in the averment that the defendant " feloniously, wilfully and maliciously" did the act. The criminal act alleged in the indictment can not be committed without an evil intent.    Alleging the commission of the act, alleges the intent.    The other points made by the defense, do not require refutation.    Shorn of the unnecessary and separable matter touching the burning of the barn, the count is in the common form and unobjectionable.

*Case to stand for trial.*

DANFORTH, VIRGIN, LIBBEY, EMERY and HASKELL, JJ., concurred.