(93 South. 55)

## WILLIAMS v. STATE.    (4 Div. 757.)

(Court of Appeals of Alabama.    April 11, 1922.)

Homicide ⊙⊐31—Murder may be reduced to manslaughter, though defendant was at fault in bringing on difficulty, and was able to retreat without increasing danger.

To reduce murder to manslaughter, it is not necessary that defendant be free from fault in bringing on the difficulty, or be able to retreat without increasing his danger; these circumstances being elements of self-defense.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Hartford Williams was indicted for murder in the first degree, and convicted of murder in the second degree, and he appeals. Reversed and remanded.

The bill of exceptions contains the following:

At this juncture the defendant, through his counsel, made known to the court that he insisted that, if the jury believed from the evidence that the deceased had assaulted the defendant at or immediately before the fatal shot was fired, and, as a result of that assault upon the defendant by deceased, defendant's passion was suddenly engendered and aroused to such an extent as that his reason was thereby dethroned, and that he perpetrated the homicide solely as the result of such passion so engendered and aroused, he could not be convicted of a higher degree of the crime charged than manslaughter in the first degree, whether the defendant was free from fault in bringing on the difficulty or not, and asked the court to charge the jury accordingly, as part of its general charge to them. In reply to said statement and request the court further charged the jury as follows: "If a man assault another, the assaulted party having done nothing to provoke the difficulty, and if as the result of that assault the assaulted party's passion be so engendered and aroused as to dethrone and overcome his reason, and under those circumstances he strike, even to kill, he could be guilty of no more than manslaughter."

Sollie & Sollie, of Ozark, for appellant.

Counsel discuss the matters assigned with the insistence that error was committed in the charge of the court, but they cite no authority in support thereof.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no error in the charge of the court. 58 Ala. 268; 58 Ala. 406, 29 Am. Rep. 757; 60 Ala. 26; 78 Ala. 436; 86 Ala. 28, 5 South. 478.

MERRITT, J. Under an indictment for murder in the first degree, the defendant was convicted of murder in the second degree.

The conclusion is unescapable that the jury was charged in this case that, before they would be warranted in reaching a verdict of manslaughter in the first degree, they must believe that the defendant was free from fault in bringing on the difficulty. Such is not the law. Freedom from fault, real or apparent danger, and retreat without increasing danger are elements of self-defense, but neither one nor all must be shown in order for the defendant to be convicted of as low a degree of homicide as manslaughter; in fact, they have no place or legal effect in a consideration of this degree of homicide. If it is necessary to show one, it is necessary to show all. The effect of the charge as excepted to in this case was to affirmatively charge that the defendant could not be convicted of as low a degree of homicide as manslaughter in the first degree.

Other questions raised by this appeal will probably not arise on another trial; so they will not be here considered. For the error pointed out, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.