### WILLIAMS v. STATE. (4 Div. 864.)

(Court of Appeals of Alabama. June 30, 1924. Rehearing Denied Oct. 7, 1924. Reversed on Mandate May 19, 1925.)

1. **Indictment and information ⬳189(8)—One charged with murder in first degree can be tried for lesser offenses, despite demand for special venire; murder in first degree being "divisible."**

Where conviction for murder in second degree, on indictment for murder in first, was reversed, accused could be retried for lesser offenses, than first degree murder, notwithstanding he demanded a special venire, in view of Code 1907, § 7315; murder in first degree being "divisible," which means offense, the commission of which involves the commission of wrong of a lesser grade.

2. **Indictment and information ⬳189(1)— Election to proceed on lesser crime is bar to trial for higher degree.**

Election by state to proceed on lesser crime charged in indictment is a bar to any subsequent trial for higher degree of offense.

3. **Jury ⬳70(2)—Accused not entitled to special venire, where not tried for capital felony.**

Accused indicted for murder in first degree is not entitled to a special venire, where state elects to try him for lesser offenses only.

4. **Criminal law ⬳1169(12)—Any error in testimony that accused said he was at certain place looking for pistol cured by his own testimony.**

Any error in admission of testimony that accused said he was at certain place looking for his pistol, *held* cured by testimony of accused admitting shooting deceased and pitching pistol out into woods near where witness said he was looking for it.

5. **Criminal law ⬳1170½(2)—Exclusion of meaningless testimony of accused harmless.**

Where accused was asked whether one of his witnesses had "appearance of being frightened or not," exclusion of affirmative answer, which was meaningless, was harmless.

6. **Criminal law ⬳723(1)—Anecdote of solicitor in argument not improper.**

Where plea was self-defense, solicitor's anecdote in argument to jury about barkeeper who knocked over a corpse, and on charge of killing him pleaded self-defense, *held* not improper under evidence and theory of prosecution.

7. **Homicide ⬳244(3)—Accused must be acquitted if there is reasonable doubt of guilt on all evidence.**

If there is reasonable doubt of accused's guilt upon the whole evidence, including that on self-defense, he must be acquitted.

8. **Criminal law ⬳1056(1)—Charges not considered in absence of exceptions reserved.**

Charges to jury, explanatory of written instructions requested by accused, could not be considered on appeal, where no exceptions thereto were reserved.

9. **Criminal law ⬳951(2)—Motion for new trial, after judgment, sentence, and suspension pending appeal, too late.**

Motion for new trial, made after judgment, sentence, and appeal taken, and suspension pending appeal, was too late.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Hartford Williams was convicted of manslaughter in the first degree, and he appeals. Affirmed on original hearing, but reversed on mandate of Supreme Court.

Certiorari granted by Supreme Court in Ex parte Williams, 104 So. 282.

Sollie & Sollie, of Ozark, for appellant.

The defendant stood indicted for a capital felony, and the court should have drawn and summoned a special venire for his trial. Acts 1919, p. 1039; Umble v. State, 207 Ala. 508, 93 So. 531; Riley v. State, 209 Ala. 505, 96 So. 599; Whittle v. State, 205 Ala. 639, 89 So. 48; Cole v. State, 19 Ala. App. 360, 97 So. 891; Coleman v. State, 17 Ala. App. 376, 84 So. 861; Linnehan v. State, 116 Ala. 471, 22 So. 662; Burton v. State, 115 Ala. 1, 22 So. 585; Howard v. State, 160 Ala. 6, 49 So. 755. Defendant should have been permitted to show the appearance of Haisten. 1 Mayfield's Dig. 322. It was error for counsel, in argument, to state as facts matter not in evidence. Cross v. State, 68 Ala. 476; Hardaman v. State, 17 Ala. App. 49, 81 So. 449; B. R., L. & P. Co. v. Drennen, 175 Ala. 349, 57 So. 876, Ann. Cas. 1914C, 1037. The burden was not upon the defendant to establish his plea of self-defense, but only to generate a reasonable doubt as to his guilt. Prince v. State, 100 Ala. 144, 14 So. 409, 46 Am. St. Rep. 28; Towns v. State, 111 Ala. 1, 20 So. 598; Brooks v. State, 8 Ala. App. 277, 62 So. 569; Henson v. State, 112 Ala. 41, 21 So. 79; Ragsdale v. State, 134 Ala. 24, 32 So. 674; McGhee v. State, 178 Ala. 4, 59 So. 573; Roberson v. State, 183 Ala. 43, 62 So. 837; Ragsdale v. State, 12 Ala. App. 1, 67 So. 783; Baker v. State, 19 Ala. App. 432, 98 So. 213; Ex parte State, 210 Ala. 374, 98 So. 215; McBryde v. State, 156 Ala. 44, 47 So. 302.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

There was no prejudicial error in refusal to draw special venire. Caldwell v. State, 203 Ala. 412, 84 So. 272; Cole v. State, 19 Ala. App. 360, 97 So. 891; Riley v. State, 209 Ala. 505, 96 So. 599; Umble v. State, 207 Ala. 508, 93 So. 531; Brewington v. State, 19 Ala. App. 409, 97 So. 763. The oral charge of the court was free from error. Clarke v. State, 117 Ala. 1, 23 So. 671, 67 Am. St. Rep. 157; Parnell v. State, 129 Ala. 6, 29 So. 860; Vickers v. State, 18 Ala. App. 282, 91 So. 502.

SAMFORD, J. The defendant was originally indicted on a charge of murder in the first degree, and on his trial was convicted of murder in the second degree. From this judgment an appeal was taken to this court, where the judgment of conviction was reversed, and the cause remanded for another trial. Williams v. State, 18 Ala. App. 438, 93 So. 55. When the defendant again appeared in the lower court to answer the charge, the court refused to order a special venire as is required in all capital cases. The defendant insisted that he stood charged with a capital felony, and objected to being put to trial without a special venire and the formalities incident to and required by law in such cases. The court caused to be entered as a part of its judgment:

"The defendant is required by the court to plead to murder in the second degree and the lesser charges of homicide included in the indictment."

The solicitor then read to the jury the indictment as returned, and the court stated to the jury:

"The indictment, gentlemen, formerly recited a charge of murder in the first degree, which is inclusive and contains the charges of murder in the second degree and manslaughter in the first and second degrees. The defendant is being put on trial, not for murder in the first degree, but for murder in the second degree and the lesser charges or degrees of homicide included in said charge of murder in the second degree."

[1] The question here presented is whether a defendant charged with a capital felony can, against his will, be put upon trial for a lesser offense included in the indictment. In Brewington v. State, 19 Ala. App. 409, 97 So. 763, this court held that the state could enter a nol pros as to the higher crime and proceed as to the lesser. If the state could so enter the nol pros, it would require no argument or citation of authority to show that the defendant would not then stand charged with a capital felony, and hence would not be entitled to a special venire. While in the Brewington Case, supra, no authority was cited, it does not stand alone as

announcing the conclusion. In Horn v. State, 98 Ala. 23, 13 So. 329, Stone, C. J., says of an indictment charging assault to murder:

"This indictment, while it specifically charges a felony, by operation of law charges every lesser offense included in the one charge."

See Code 1907, § 7315.

In Kidd v. State, 83 Ala. 58, 3 So. 442, where there was a single count charging robbery it was held:

"But, as every robbery includes a larceny, the state could elect to prosecute for the minor offense."

It seems to be well settled by ample authority that any part of a count, in an indictment, which is in its nature separable from the rest, may be removed by nol pros, and the remainder stand, although the discontinuance is not assented to by the defendant. State v. Bean, 77 Me. 486; Com. v. Briggs, 7 Pick. (Mass.) 177; Jennings v. Com., 105 Mass. 586; Wharton Crim. Pro. par. 1310. If authority be needed to support the conclusion that a count charging murder in the first degree is divisible, such may be found in Webster's New International Dictionary, in which the definition of "divisible," as applied to law, is:

"An offense, the commission of which involves the commission of one of a lesser grade, so that on the former there can be an acquittal, and on the latter a conviction."

See 11 Wharton Crim. Pro. par. 295.

If, then, the state could, over the objection of defendant, discontinue as to the charge of murder in the first degree, and it did do so, there would be no such charge pending against defendant in the court as to entitle defendant or to require the court to summons a special venire. In Bankhead's Case, 124 Ala. 14,[1] the defendant was put on his trial for murder in the first degree, and by an attempted agreement the defendant's counsel and the court sought to bind the jury, as to which they had no authority. But in this case the learned judge writing the opinion guarded the conclusion by saying:

"What we have said in no wise contravenes or impairs the province of the court to make up the issues which are to be submitted to the jury."

In Kilgore's Case, 124 Ala. 24, 31, 27 So. 4, it will be noted that the defendant was "indicted and put on trial for murder in the first degree." (Italics ours.) The same is true in Burton's Case, 115 Ala. 1, 22 So. 585, and in Linnehan's Case, 116 Ala. 471, 22 So. 662.

[2, 3] In the case at bar, the court, at the inception of the trial, made and caused to be entered an order, which in effect was a discontinuance or nol. pros. of that part of the count charging murder in the first degree,

[1] 26 So. 979.

and so stated to the jury impaneled to try the case. This is an election by the state to proceed on one of the lesser crimes charged in the indictment, and never afterwards could the defendant have been tried for a higher degree. Wharton's Crim. Proc. par. 1398. The defendant was not on trial charged with a capital felony, and was therefore not entitled to a special venire.

[4] If there was error in the ruling of the court permitting the state witness Chandler to testify that defendant said he was down at a certain place looking for his pistol, such error was rendered harmless by the defendant's own testimony, when he admits shooting deceased and pitching the pistol out in the woods near where Chandler said he was looking for it.

[5] Defendant's counsel asked defendant, "Did Haisten [a defendant's witness] have the appearance of being frightened or not?" The witness answered, "Yes, sir." On motion of the state, this answer was excluded. The answer was meaningless, and its exclusion could not affect defendant one way or another.

[6] The solicitor, in his argument to the jury, made use of the following:

"He said that the defendant's plea of self-defense reminded him of the story of the two men who were sitting up one night with a corpse; he said that during the night one of the men decided that he wanted a drink, and told his friend who was sitting up with the corpse with him that he was just going to step across to a nearby barroom and get him a drink, but the other man didn't like the idea of staying there with the stiff while his friend was gone, so it was decided that they both should go and take the corpse with them to the barroom, which they done. They got to the barroom, and stood the corpse up against the bar, and they all ordered drinks, and when the two friends had finished their drinks they walked out, leaving the corpse standing propped up against the bar. When they had gone the bartender, after so long a time, asked the corpse who had been left there for pay for the drinks, and, of course, getting no response from the corpse, he finally hauled off and knocked him down, and was accused of killing him, but when he was charged with the killing he said, 'That's all right, I did it in self-defense;' he was coming on me with a knife.' Upon the conclusion of the story, Mr. Hill said, 'It's the same old story in this case.'"

The anecdote was by way of illustration, and both the anecdote and the observation following were proper under the evidence and the theory of the state based thereon. We are familiar with the authorities cited by counsel to sustain the contention, but the anecdote is of such ancient origin, and has been an aid to solicitors for so long a time, that it has almost become a part of every trial where the plea of self-defense is involved. Let it stand.

[7] We have carefully considered the several excerpts from the court's oral charge to which exceptions were reserved. The court correctly charged the jury as to the shifting burdens in a plea of self-defense. The law is as by the court stated, and then, if upon the whole evidence, including that of self-defense, there is a reasonable doubt of defendant's guilt, he must be acquitted. When the several excerpts are read, in connection with the whole charge, there is no error. The fact that the court used the word "establish," as applied to the burden resting on defendant to prove his plea, is immediately modified by the statement, "He must reasonably satisfy you there."

[8] After the oral charge had been given to the jury, the court at the request of the defendant in writing gave 58 charges upon various phases of the pending cause, and after the reading of these the court gave to the jury additional instructions explanatory of the written charges given. To these explanations no exceptions were reserved, and hence this court cannot now consider them.

Charge 1, refused to defendant, is the general charge, and was properly refused. Refused charges 2, 3, and 5 are misleading and abstract when applied to the facts in this case. Charge No. 4 is argumentative; moreover is covered by given charge 58.

[9] After judgment, sentence, and appeal taken, and suspension pending appeal, defendant filed a motion for new trial. The motion for new trial came too late. State ex rel. Attorney General v. Brewer, 19 Ala. App. 330, 97 So. 777.

We find no error in the record, and the judgment is affirmed.

Affirmed.

PER CURIAM. Reversed and remanded, upon authority of Ex parte Williams, 104 So. 282.