## Ex parte WILLIAMS.

## WILLIAMS v. STATE.

## (4 Div. 164.)

(Supreme Court of Alabama. May 7, 1925.)

**1. Homicide ☞244(3)—Burden on defendant as to self-defense only requires offer of some evidence.**

In homicide cases, where state makes prima facie case of intentional killing, burden resting on accused is only that of offering enough evidence that he was in actual danger of death or serious bodily harm, or reasonably so believed, and was unable to retreat in safety, or without increasing peril, to raise reasonable doubt of guilt, and accused need not establish issue to reasonable satisfaction of jury.

**2. Criminal law ☞823(6)—Instruction that accused had burden of satisfying jury on self-defense issue prejudicial.**

In prosecution for murder, where plea was self-defense, instruction that burden rested on accused to satisfy jury of the two necessary elements of self-defense *held* prejudicial, notwithstanding prefatory instruction that burden was upon state, as a whole, to prove guilt on all the evidence.

**3. Criminal law ☞193½—Conviction for second degree murder is acquittal of first degree.**

Conviction for murder in second degree, on indictment charging murder in the first degree, *held* an acquittal of first degree murder, if defendant chose to plead it as such.

**4. Criminal law ☞1193—On retrial after reversal of conviction for second degree murder, nolle prosequi order should be entered as to first degree.**

Where accused was convicted of murder in second degree on indictment charging murder in the first, and on new trial elects not to plead former acquittal for first degree, following procedure prescribed by circuit court rule 31 (volume 4, Code 1923, p. 904), and state desires to nevertheless waive conviction for murder in first degree, order of nolle prosequi should be entered as to murder in first degree.

Certiorari to Court of Appeals.

Petition of Hartford Williams for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of Williams v. State, 20 Ala. App. 604, 104 So. 280. Writ granted.

Sollie & Sollie, of Ozark, for petitioner.

It was error for the court not to draw a special venire for the trial of defendant. Whittle v. State, 205 Ala. 639, 89 So. 43; Jackson v. State, 171 Ala. 38, 55 So. 118; Kuykendall v. State, 16 Ala. App. 197, 76 So. 487; Coleman v. State, 17 Ala. App. 376, 84 So. 861; Bankhead v. State, 124 Ala. 14, 26 So. 979; Wade v. State, 207 Ala. 1, 92 So. 101; Linnehan v. State, 116 Ala. 471, 22 So.

662; Circuit court rule 31 (30). The oral charge of the court as to burden of proof was erroneous. Baker v. State, 210 Ala. 374, 98 So. 215; Henson v. State, 112 Ala. 41, 21 So. 79; Ragsdale v. State, 134 Ala. 24, 32 So. 674; McBryde v. State, 156 Ala. 44, 47 So. 302; McGhee v. State, 178 Ala. 4, 59 So. 573; Roberson v. State, 183 Ala. 43, 62 So. 837; Ragsdale v. State, 12 Ala. App. 1, 67 So. 783; Ex parte State ex rel. Atty. Gen., 210 Ala. 374, 98 So. 215.

Harwell G. Davis, Atty. Gen., opposed.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. [1] In homicide cases, where self-defense is relied upon—the state having made out a prima facie case of intentional killing by evidence which does not itself tend to show that the killing was done in self-defense—the burden rests upon the defendant to offer some evidence tending to show (1) that he was in actual and imminent danger of death or serious bodily harm, or that he honestly and reasonably believed that he was in such danger by reason of circumstances apparent to him; and (2) that he was apparently unable to retreat in safety, or without increasing his peril.

The defendant's burden in this behalf has often been loosely referred to as the burden of proving self-defense, and sometimes as the burden of reasonably satisfying the jury of the existence of the two elements above referred to. But the actual burden is not a burden of proof, in the ordinary sense of the phrase, to establish an issue to the reasonable satisfaction of the jury, but a burden merely of offering enough evidence tending to show these two elements to generate, in connection with all the other evidence, a reasonable doubt of defendant's guilt of the unlawful killing charged. Henson v. State, 112 Ala. 41, 21 So. 79; McGhee v. State, 178 Ala. 4, 11, 59 So. 573; Roberson v. State, 183 Ala. 43, 58, 62 So. 837; Ragsdale v. State, 134 Ala. 24, 35, 36, 32 So. 674; Baker v. State, 19 Ala. App. 432, 98 So. 213, affirmed 210 Ala. 374, 98 So. 215; Perry v. State, 212 Ala. 458, 100 So. 842.

[2] In the instant case the trial judge instructed the jury:

"The burden rests upon this defendant to satisfy the jury that two of the elements of self-defense existed; with regard to self-defense there are two points about which the defendant must satisfy you—he must satisfy you that before he struck to kill the danger existed, either the real or reasonably apparent danger, and then he must satisfy you that to have retreated would have increased his peril, or that it would have so appeared to a reasonable man placed as he then was. * * * And the burden is upon him to establish the existence of these two elements; he must reasonably satisfy you there."

This instruction was erroneous (Ragsdale v. State, 134 Ala. 24, 35, 36, 32 So. 674); and it must be held as prejudicial error, working a reversal of the judgment of conviction, notwithstanding the prefatory instruction that the burden was upon the state, as a whole, to convince the jury of the defendant's guilt, upon all the evidence (Baker v. State, 19 Ala. App. 432, 98 So. 213; Id., 210 Ala. 374, 98 So. 215). The latest discussion of the subject, in full accord with what we have said herein, will be found in Perry v. State, 212 Ala. 458, 100 So. 842.

We are unable to distinguish the Baker Case, either as to the substance of the instructions given, or as to the nonavailability of the doctrine of error, without injury in such a case. And indeed we do not see how a consideration of the erroneous instruction as to the defendant's burden, in connection with the correct instruction as to the general burden resting on the state, can result in their harmonization. On the contrary, they present a sharp and irreconcilable conflict, and the jury could only choose between them. Perry v. State, supra.

[3, 4] The indictment charges murder in the first degree, and on the first trial defendant was convicted of murder in the second degree, thus working an acquittal of first degree murder, which was available to defendant in bar of a conviction of first degree murder on the second trial, if he chose to formally plead it. He did not choose to do so, and objected to being tried by a jury from the regular venire, as for a noncapital offense. Nevertheless, upon the introduction by the solicitor of the record of former conviction, the trial court—as shown by a recital in the judgment entry—required the defendant "to plead to murder in the second degree and the lesser degrees of homicide included in the indictment"; and, upon the reading of the indictment by the solicitor, the trial judge stated to the jury, that the defendant "is being put on trial, not for murder in the first degree, but for murder in the second degree and the lesser charges or degrees of homicide included in said charge of murder in the second degree."

The Court of Appeals holds that, under this procedure, the defendant was not on trial for a capital felony, and cannot complain that he was not allowed to be tried on the major charge, with the procedure prescribed by law therefor, as he insisted should be done.

We have stated the question, not for the purpose of reviewing the merit of its decision, but only to suggest that on another trial—if, upon following the procedure prescribed by circuit court rule 31 (volume 4, Code 1923, p. 904), the defendant elects' not to plead the former acquittal, and the state nevertheless desires to waive conviction for murder in the first degree—an order of

nolle prosequi, with consent of the court, as to murder in the first degree, but excluding all lower included offenses, ought to be entered on the initiative of the solicitor, as a formal matter of record, whether that is essential, or whether it is sufficient, we need not now determine. See Linnehan v. State, 116 Ala. 471, 22 So. 662; and 16 Corp. Jur. pp. 436, 437.

For the error of instruction noted, the judgment of the Court of Appeals will be reversed, and the cause will be remanded to that court for further proceedings.

Writ granted.

All the Justices concur.