(111 So. 762)

**ELLIOTT v. STATE.** (8 Div. 498.)

(Court of Appeals of Alabama. March 22, 1927.)

Williams & Chenault, of Russellville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. ▪ The indictment was in two counts. The first count charges manufacturing whisky, and the second the possession of a still, etc. The solicitor, with the approval of the court, entered a nol. pros. as to the second count. This was permissible and left a good indictment charging the manufacture of whisky. Williams v. State, 20 Ala. App. 604, 104 So. 280; Ex parte Williams, 213 Ala. 121, 104 So. 282; Biggers v. State, 20 Ala. App. 632, 104 So. 681.

▪ It has so often been decided, as not here to need citation of authority, that where

a defendant charged with crime corruptly offers to buy his release from arrest from the officer having him in custody, such fact is admissible in evidence as an admission against him.

The exceptions reserved to the court's oral charge are not sufficiently definite to authorize a review. Cowart v. State, 16 Ala. App. 119, 75 So. 711.

Refused charge 4 is a correct statement of the law and should have been given. The charge instructs the jury that—

"A man whose previous character is shown by the evidence to have been good is presumed by law less likely to have violated the law than one whose character is not so shown."

This is a correct statement of the law, and when proof of character is admitted in evidence the defendant is entitled to have the jury so instructed.

Refused charge 10 was misleading. Under the cold and rigid rules of law, which must apply to every case, regardless of the crime charged, age or character of the defendant, we are forced to hold that the evidence in the case presents a jury question, and the affirmative charge was properly refused.

For the error pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.