(113 So. 414)
### BLAIR v. STATE. (4 Div. 327.)

Supreme Court of Alabama. April 28, 1927.

Rehearing Denied June 23, 1927.

1. Criminal law ⬅178—Entry of nolle prosequi as to first degree murder charge during trial held not to prevent conviction for murder in second degree.

In prosecution for murder, entry of order of nolle prosequi as to first degree murder charge during trial and before submission of case to jury *held* not to entitle defendant to discharge from further prosecution under indictment on ground of former jeopardy so as to prevent conviction for second degree murder.

2. Criminal law ⬅1166½(5)—Nolle prosequi as to first degree murder charge held to validate conviction for second degree murder, notwithstanding special venire was not had.

Error in putting defendant, accused of murder, on trial without special venire required in capital cases, *held* cured by entry of nolle prosequi as to charge of first degree murder

validating verdict and judgment of guilty of murder in second degree.

Brown, J., dissenting in part.

Certiorari to Court of Appeals.

Petition of Robert Blair for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in Blair v. State, 113 So. 414. Writ denied.

A. Whaley, of Andalusia, for appellant.

The defendant was in former jeopardy by reason of the indictment charging him with first degree murder and being tried a second time under that indictment. The solicitor should not have been permitted to amend the indictment. Const. 1901, § 9; Code 1923, §§ 8644, 8651, 4551; State v. Kreps, 8 Ala. 951; Ex parte Williams, 213 Ala. 121, 104 So. 282; 16 C. J. 433. Defendant should not have been put to trial without a special venire. Linnehan v. State, 116 Ala. 471, 22 So. 662.

Charlie C. McCall, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. After conviction of murder in the second degree under an indictment charging murder in the first degree, and a reversal of the judgment, defendant was put on trial a second time under the same indictment, on a simple plea of not guilty, and without having a special venire as required by law in capital cases. During the trial, and before the case went to the jury, the solicitor entered, with the consent of the court, an order of nolle prosequi as to murder in the first degree, and the jury were instructed accordingly. The verdict was guilty of murder in the second degree, with confinement in the penitentiary for ten years.

[1, 2] Defendant's insistence is that, having been put in jeopardy of his life before the limited nolle prosequi was entered, that action entitled him to a complete discharge from further prosecution under the indictment. The court is of the opinion that the principle of former jeopardy has no application to such a case, and is of the further opinion (Brown, J., dissenting on this point) that the entry of the nolle prosequi cured the error of putting defendant on trial without a special venire and validated the verdict and judgment of guilty. See Linnehan v. State, 116 Ala. 471, 478, 22 So. 662; Williams v. State, 20 Ala. App. 604, 104 So. 280; Ex parte Williams, 213 Ala. 121, 104 So. 282.

The writ of certiorari is therefore denied.

ANDERSON, C. J., and SAYRE, GARDNER, THOMAS, and BOULDIN, JJ., concur.

BROWN, J., dissenting, is of the opinion that the error in question was not cured, and

that the writ should be granted directing a reversal of the judgment of conviction, with remandment for another trial.