46 So.2d 820

### STEPHENS v. STATE.
### 4 Div. 571.

Supreme Court of Alabama.
March 23, 1950.

Rehearing Denied May 18, 1950.

Further Rehearing Denied June 22, 1950.

E. O. Baldwin and Jas. M. Prestwood, of Andalusia, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

BROWN, Justice.

This is the third appeal by the defendant in this case. On the first trial under the indictment for murder in the first degree, he was convicted of murder in the second. degree and sentenced to the penitentiary for forty years. On appeal to this court the judgment was reversed. Stephens v. State,. 250 Ala. 123, 33 So.2d 245.

After remandment at the regular session of the Circuit Court of Covington County,. on October 11, 1948, following the correct procedure, the defendant *was rearraigned on said indictment* in open court and was. called upon to plead. He pleaded former acquittal of murder in the first degree and not guilty in the second degree and to all other crimes charged in the indictment. As the minute entry recites, "The State and defendant agree in open Court that the defendant was heretofore tried in the circuit court under this indictment and the defendant was convicted of murder in the second degree and given a sentence of 40 years in the penitentiary, which said judgment was reversed by the Supreme Court of Alabama as set out in 250 Ala. 123, 33 So.2d 245,. and thereby murder in the first degree was eliminated."

On the second trial the defendant was convicted of murder in the second degree and sentenced to the penitentiary for a term of 25 years and again appealed. That judgment was reversed and the case was remanded, 252 Ala. 183, 40 So.2d 90.

On the third trial the defendant was arraigned and pleaded not guilty. The special prosecuting attorney in putting the case to the jury on the last trial stated, "The indictment charges murder in the first degree according to the way it is written. Now, Gentlemen, by other proceedings that indictment in legal effect has been changed and it now charges murder in the second degree, instead of murder in the first degree. So the legal charge against the defendant is murder in the second degree for the killing of George Cawley, Sr., prior to the Grand Jury of December, 1946." On the trial which followed the defendant was.

convicted of the offense of murder in the second degree and his punishment fixed by the jury at 25 years in the penitentiary. It is from the judgment and sentence entered on this verdict that the defendant has appealed.

The session of the court at which the defendant's case was first set for trial after the second reversal commenced on the 7th day of June, 1949, defendant's case being on call for the 8th of June. The order of the court fixing the time for said session for the trial of criminal jury cases was entered on the minutes or records of the court on Nov. 26, 1948. In the same order June 20th was designated for the trial of civil jury cases. The writ of *venire facias* issued to the sheriff for summoning jurors for service during the week beginning June 6th was returned by the sheriff showing service on all the jurors named, fifty-five in number, except about six who were not served. These jurors were called in open court, questioned as to their qualifications, several excused from service and those remaining organized into four panels, the first three panels consisting of twelve jurors each and the fourth panel of seven only. There is nothing in this record to negative the fact that said juries were used in the trial of cases during the week of June 6, 1949 and were discharged at the end of the week. On the 8th of June the court, acting through and by Judge Simmons, amended the order fixing the date of the session of the court commencing on the 6th of June, so as to embrace the week of the 27th of June. There is nothing in the record going to show that the jurors summoned for the week of the 6th of June were ordered to serve on juries during the week of the 27th of June. Following said amendatory order which appears to have been filed on the 10th of June, 1949, by the clerk, the minutes recite:

"Be It Remembered: That this case came on to be tried on this the 27th day of June, 1949, before Hon. W. E. Callen, Special Judge of the 22nd Judicial Circuit of Alabama, and a struck jury from a special and regular venire, and the following proceedings were had: * * *."

The record further recites: "At this point the regular and special jurors were duly qualified and struck.

"The Court: You gentlemen stand up and raise your right hand. You and each of you do solemnly swear that you will well and truly try the issues involved between the State of Alabama vs. Alex Stephens and a true verdict render according to the evidence, so held (help) you God.

"You gentlemen may be seated.

"Gentlemen, it is understood, of course, that you will remain together and you will be under the custody and control of the bailiff, and do not discuss this case among yourselves or anyone on the outside, and by no means let anyone from the outside approach you, and if any one does approach you please notify the court that I might take the proper action.

"(At this point a recess was taken for 30 minutes).

"Mr. Smith reads the indictment to the jury, and further states: 'The indictment charges murder in the first degree according to the way it is written. Now, Gentlemen, by other court proceedings that indictment in a legal effect has been changed and it now charges murder in the second degree instead of murder in the first degree. So the legal charge against this defendant is murder in the second degree for the killing of George Cawley prior to the grand jury of December, 1946.'

"Mr. Prestwood states the defense. * * *."

Among other matters offered in support of the defendant's motion to quash the venire and to enter discontinuance were the following bench notes:

"June 7, 1949. The bond of $4,000.00 heretofore set in this case is set aside and held for naught and bond in this case is set at $8000.00. An alias capias to issue forthwith. W. E. Callen, Judge.

"Defendant being ill and confined to the hospital, defendant's counsel moving for a continuance of this case, the same is granted.

"W. E. Callen, Judge.

"June 7, 1949. This case is set for trial on Monday, June 27, 1949. W. E .Callen, Judge.

"June 27, 1949. Motion of defendant for a discontinuance of this cause is denied to which action on the part of the court counsel for defendant does except. W. E. Callen, Judge.

"June 27, 1949. The objection and protest of defendant to being put to trial having been considered by the court the same is hereby overruled and denied, to which action on the part of the court defendant by and through his counsel does except. W. E. Callen, Judge.

"June 27, 1949. The motion of defendant to quash the venire in attendance at court this week is hereby denied to which action on the part of the court defendant does except. W. E. Callen, Judge.

"June 28, 1949. The State by its solicitor enters a nol prosse as to the first degree murder charge covered by the indictment, which action was taken before the case was submitted to the jury, before the defendant rested his case, and before the case was argued by counsel for defendant and solicitors for the state. W. E. Callen, Judge.

"June 28, 1949, Jury and verdict as follows: 'We, the jury, find the defendant guilty of murder in the second degree as charged in the indictment, and fix his punishment at imprisonment in the penitentiary of the State of Alabama for 25 years. * * *.' W. E. Callen, Judge."

The record further shows that on May 9, 1949, it being made known to the Chief Justice that Judge Simmons, then the Judge of the 22nd Judicial Circuit, was the Solicitor at the time the indictment was returned against the defendant in this case, an order was made by the Chief Justice designating Hon. W. E. Callen, Judge of the 4th Judicial Circuit of Alabama to sit in the trial of the defendant's case, which as above stated was set for trial on June 8, 1949, and was as shown by the bench notes entered by Judge Callen continued for trial until the 27th of June. The defendant's motion to declare a discontinuance of the prosecution was based solely on the fact that Judge Callen had made the order of continuance on the 7th day of June, the date preceding the date on which the order of the Chief Justice authorized him to sit in the trial of the defendant's case. Appellant's contention is that the order of continuance was void because Judge Callen assumed to act peremptorily and this created a chasm in the proceedings and a discontinuance of the prosecution.

The motion to quash the venire and the defendant's objection to going to trial were based on the alleged fact that he was being put on trial for a capital felony and was entitled to a special setting of his case and a special venire as provided by § 63, Title 30, Code of 1940.

Another ground of objection to going to trial was that jurors on the venire or the juries impaneled were ordered by the court to appear and serve at the session of the court commencing on June 27, 1949.

█ The record along with the bench notes offered in evidence in support of the motion for a discontinuance and to quash the venire clearly show that the court was in regular session at the time and place appointed by law and that Judge Callen who had been ordered by the Chief Justice to preside in the trial of defendant's case was present at the time and place appointed by law with the other officers necessary to constitute the court. The mere fact that the order of continuance was entered on the 7th of June, 1949, did not destroy the validity and regularity of the proceedings or create a discontinuance of the prosecution. Riley et al. v. Bradley, 252 Ala. 282, 41 So.2d 641 and authorities there cited.

██ The record on the second appeal as pointed out above shows that the defendant had the benefit of his plea of former jeopardy as to murder in the first degree on that trial and he was, therefore, not entitled to a special venire on his third trial. It is well settled by our decisions that when matters occurring on a previous trial and entered of record in the same case are called to the attention of the court in argument or in the pleadings of the case under consideration, the court will take judicial notice of its records on the former appeal of the same case pending on appeal here between

54

the same parties and involving the same subject matter to ascertain the issues of law and fact there involved and the result and the influence of such adjudication on the question presented in the appeal under consideration. Catts v. Phillips, 217 Ala. 488, 489, 117 So. 34.

There is nothing in the record showing that the jurors constituting the panel from which the jury was selected to try defendant had served on a jury drawn the first week of the session of the court beginning June 6, 1949. See Howard v. State, 159 Ala. 30, 49 So. 108.

■ The *nol prosse* was entered by the court on the motion of the solicitor as to the charge of murder in the first degree after a verdict and judgment for murder in the second degree on a former trial was pleaded and the plea confessed. Such *nol prosse,* however, did not constitute error to reverse. Blair v. State, 216 Ala. 463, 113 So. 414; Williams v. State, 213 Ala. 121, 104 So. 282.

Refused charges 1, 11 and 12 were the general affirmative charge and the affirmative charge as to different phases of the case and were refused without error.

■ Charge 2 pretermits that defendant did not enter the fight willingly and was properly refused.

■ Charge 13 was incomplete and was covered by the oral charge of the court.

Charge 10 was the affirmative charge on one phase of self defense and was properly refused. The question was for the jury.

■ Charge 14 if not otherwise bad was fully covered by the oral charge of the court.

■ We are, therefore, of the opinion that the motion to quash the venire and the motion for a discontinuance were both overruled without error. There was no objection on the trial so far as appears on this record with respect to the method or the time when the jurors constituting the venire for the week of the 27th of June were drawn and no mention of the fact that they were not drawn as required by § 38, Title 30, Code of 1940. This objection was made for the first time on appeal.

The judgment is regular and recites, "And now the defendant having pleaded not guilty to the Indictment that was read by the Solicitor, thereupon came a jury of good and lawful men, to-wit: Mark Lanier, Foreman and eleven others who being duly impaneled and sworn according to law upon their oaths do say, on this June 28, 1949, 'We, the Jury find the defendant guilty of murder in the 2nd. degree as charged in the indictment and fix his punishment at imprisonment in the Penitentiary of the State of Alabama for 25 years.' It is therefore ordered and adjudged by the Court that the defendant is guilty of murder in the 2nd. degree as charged in the indictment upon the findings of the jury as aforesaid."

■ The evidence in this case on the last trial embodied in this appeal was in substance the same as on the former trials and clearly presents a case for jury decision and after due and careful consideration we are of the opinion that the verdict of the jury is amply supported by the evidence offered on the trial. We find no error in the record.

Affirmed.

FOSTER, LAWSON and STAKELY, JJ., concur.

On Rehearing.

BROWN, Justice.

Opinion corrected and application overruled.

FOSTER, LAWSON and STAKELY, JJ., concur.