91 So.2d 509

**Wylie CORBETT**

v.

**STATE.**

5 Div. 654.

Supreme Court of Alabama.

Dec. 21, 1956.

John Patterson, Atty. Gen., Bernard F. Sykes and Edmon L. Rinehart, Asst. Attys. Gen., for petitioner.

Geo. P. Howard, Wetumpka, opposed.

SIMPSON, Justice.

The majority of this Court entertains the view that the conclusion reached by the Court of Appeals is correct.

For the purposes of this opinion, the relevant facts will appear in the dissenting opinion of Mr. Justice MERRILL of this Court and the opinion of the Court· of Appeals.

The underlying rational of the majority of the Court is that the defendant had the right to waive his plea of former jeopardy with respect to the charge of murder in the first degree in order, inter alia, to obtain a special venire if so ·de-sired. The proceedings before us would seem to indicate this might have been his purpose.

Therefore, if the State desired to preserve the record from error, it should have followed Rule 30, Code 1940, Tit. 7 Appendix, by moving for a nolle prosequi of the first degree murder charge and judgment accordingly entered. Barnett v. State, 28 Ala.App. 293, 184 So. 702, certiorari denied 236 Ala. 666, 184 So. 709. See also, 22 C.J.S., Criminal Law, § 463, page 711.

We wish to express the view, though, that we do not think any constitutional right was transgressed nor that the stated "error infested the entire proceedings."

As observed, we agree with the result attained by the Court of Appeals.

Judgment affirmed.

LIVINGSTON, C. J., and GOODWYN and SPANN, JJ., concur.

MERRILL, Justice (dissenting).

The opinion of the Court of Appeals, in holding that the defendant should have been permitted to avail himself of all the incidents secured to a defendant on trial in a capital case as provided in Title 30, §§ 63 and 69 and Circuit Court Rule 30, Code 1940, finally rested its decision on constitutional grounds. We quote from two of the final five paragraphs of the opinion on rehearing, 91 So.2d 508:

" * * * this defendant by the rulings of the trial court at the outset of the trial was deprived of a substantial right given to him by the Constitution, the Statutes, and the Rules of Court of this State." * * *

" * * * The appellant made timely objections to being put on trial because of the omission to comply with the requirements above ·mentioned. These ·objections were overruled. Error infested the entire proceedings because of these rulings, and the subse-

quent statements by the Solicitor, and statements and instructions to the jury by the trial court, cannot be deemed to have vitiated and rendered harmless the prior rulings by which the appellant was deprived of his constitutional rights."

We first consider Circuit Court Rule 30 which is quoted in the opinion of the Court of Appeals.

There is no question as to what most properly should have been done. In this State, where the scope of the indictment has been changed by the fact that an earlier conviction acts as an acquittal of a higher degree of the offense, the better practice is to rearraign the defendant prior to the second trial. Reeves v. State, 264 Ala. 476, 88 So.2d 561; Stephens v. State, 254 Ala. 50, 46 So.2d 820. At that time, the defendant could file or waive his plea of former acquittal under Circuit Court Rule 30.

But the rights given a defendant by Rule 30 are neither constitutional nor absolute. That rule merely prescribes a better and an orderly procedure for handling cases similar to the instant one on subsequent trials. The provisions of Rule 30 can be abrogated insofar as the defendant is concerned, in that, even if the defendant desired to waive his plea of former acquittal, the Solicitor could ask for an order of nolle prosequi as to murder in the first degree and if entered by the Court, the defendant would no longer be on trial for a capital offense. Ex parte Williams, 213 Ala. 121, 104 So. 282; Blair v. State, 216 Ala. 463, 113 So. 414. Thus, Rule 30 confers no constitutional or absolute right which must attend a defendant charged with a capital offense under all circumstances and the appellant was not "deprived of his constitutional rights."

That brings us to the proposition that "error infested the entire proceedings" because the Court did not order a compliance with §§ 63 and 69 of Title 30 which pertains to capital cases. That contention is answered in Blair v. State, 22 Ala.App. 24,

113 So. 414, where the Court of Appeals held that the defendant could not complain when the charge of murder in the first degree was nolle prossed before the case went to the jury. On certiorari this Court, speaking through Somerville, J., five other Justices concurring, said in Blair v. State, 216 Ala. 463, 113 So. 414:

"After conviction of murder in the second degree under an indictment charging murder in first degree, and a reversal of the judgment, defendant was put on trial a second time under the same indictment, on a simple plea of not guilty, and without having a special venire as required by law in capital cases. During the trial, and before the case went to the jury, the solicitor entered, with the consent of the court, an order of nolle prosequi as to murder in the first degree, and the jury were instructed accordingly. The verdict was guilty of murder in the second degree, with confinement in the penitentiary for ten years.

"Defendant's insistence is that, having been put in jeopardy of his life before the limited nolle prosequi was entered, that action entitled him to a complete discharge from further prosecution under the indictment.

"The court is of the opinion that the principle of former jeopardy has no application to such a case, and is of the further opinion (Brown, J., dissenting on this point) that the entry of the nolle prosequi cured the error of putting defendant on trial without a special venire and validated the verdict and judgment of guilty. See Linnehan v. State, 116 Ala. 471, 478, 22 So. 662; Williams v. State, 20 Ala.App. 604, 104 So. 280; Ex parte Williams, 213 Ala. 121, 104 So. 282.

"The writ of certiorari is therefore denied."

Mr. Justice Brown cited the Blair case as being the law in Stephens v. State, 254 Ala.

50, 46 So.2d 820. Thus, we see that the entry of the nolle prosequi at any stage of the trial before the case went to the jury cured any error caused by noncompliance with §§ 63 and 69 of Title 30.

As I understand it, the entire Court concurs in this opinion up to this point.

We come now to the ultimate question of whether what happened in the instant case was the equivalent of a nolle prosequi formally entered. If the defendant was on trial charged with murder in the first degree, he did not receive the benefit of special protections accorded him by §§ 63 and 69 of Title 30. If he was on trial for a lesser offense, he was not entitled to the protections afforded by those statutes. We see that when the defendant objected to going to trial without compliance with §§ 63 and 69, supra, the Solicitor, in open Court, stated to the Court that the defendant had been acquitted of the capital charge, that defendant and his counsel knew he had been so acquitted; and that defendant was being tried on the charge of murder in the second degree. The Court stated that appellant had been acquitted of the capital charge and could only be tried for murder in the second degree. The Court, in its oral charge, instructed the jury that defendant was not on trial for murder in the first degree and only defined murder in the second degree and lesser included offenses in its instructions. The record shows that defendant pleaded not guilty to murder in the second degree and the judgment entry, which, since it is unchallenged, is conclusive on appeal, recites:

" '* * * the defendant having been arraigned heretofore under the indictment and placed on trial for murder in the 1st degree, and having been con-

victed of murder in the 2nd degree, and the cause having been reversed by the Appellate Court, the said defendant is now placed on trial for the offense of murder in the 2nd degree as charged in and included in said indictment and appears before the court, attended by his counsel, for his plea thereto, pleads and says that he is not guilty. Issues being joined a trial is had.' "

In my opinion, this judgment entry alone would always protect the defendant from being tried again under the indictment in this case for murder in the first degree.

Under these facts, there can be no question but that the defendant was not tried for a capital offense. Had he been convicted of murder in the first degree, we would have been compelled to reverse the judgment of conviction. To hold that what happened in this case was not the equivalent of a nolle prosequi of the charge of murder in the first degree seems to be a hypertechnical construction of the events which actually took place.

I would hold, therefore, that when the record affirmatively shows, as here, that the defendant was not on trial for a capital offense, and that fact was announced in open court, both by the Solicitor and the trial court, and the defendant pleads not guilty to a lesser offense, then the defendant is not entitled to avail himself of the provisions of §§ 63 and 69 of Title 30.

It follows that I would reverse the judgment of the Court of Appeals and remand the cause to that Court. I, therefore, respectfully dissent.

LAWSON and STAKELY, JJ., concur in the foregoing views.