# Fogg v. The State.

### Robbery.

(Decided June 30, 1916.   72 South. 522.)

1. **Indictment and Information; Presentation; Indorsement.**—Where the indictment is in Code form, and is marked a true bill and signed by the foreman, its presentation is sufficiently shown by the indorsement of the clerk thereon as filed in open court on a certain date.

2. **Evidence; Cross Examination; Character of Accused.**—Where defendant's general character was in issue not only by taking the stand as a witness for himself, but by the introduction of other witnessess, the question to a witness who stated that he knew accused's character at the time of his arrest, asked on cross examination, "What was his general reputation in the city of Birmingham?" was not improper as permitting testimony affecting reputation, founded on opinions expressed or knowledge acquired subsequent to the commission of the offense.

3. **Same.**—Such question was not improper as regards accused's reputation in Birmingham, although accused lived in Ensley for some time before the alleged offense, where it appeared that Ensley was a part of Birmingham, and that defendant had a reputation in Birmingham proper, among people who knew him intimately.

APPEAL from Jefferson Criminal Court.

Heard before Hon. H. P. HEFLIN.

Walter Fogg was convicted of robbery, and he appeals. Affirmed. The indictment was in Code form, marked a true bill, and

[Fogg v. The State.]

signed by the foreman, and had the certificate of the clerk of the court on it, as it was filed in open court February 24, 1915, and was properly signed by the solicitor.

J. REESE MURRAY, for appellant.  W. L. MARTIN, Attorney General, for the State.

SAYRE, J.— (1) The presentation to the court of the indictment in this case is sufficiently shown by the clerk's indorsement therein.—*McKee v. State,* 82 Ala. 32, 2 South. 451.

(2) After defendant had laid himself open to impeachment by testifying as a witness in his own behalf and had otherwise put his general character in issue by his examination of the witness Daly, and after his witness Warren had testified that he knew defendant's general character in the city of Birmingham at the time of his arrest, the state's solicitor on cross-examination inquired of the last-named witness, "You state that you knew the defendant's character at the time of his arrest?"  The witness answered, "Yes."  And then the solicitor asked, "What is his general reputation in Birmingham?"  Defendant objected to this question on the ground, among others, that "the question is not limited to the time."  After defendant's objection had been overruled, and an exception reserved, the witness answered, "It is bad."  Defendant moved to exclude the answer on the same grounds, and to the court's action in overruling his motion duly excepted.  It is clear that these rulings of the court did not offend against the rule of law which excludes all testimony touching reputation founded on opinions expressed or knowledge acquired subsequent to the commission of the offense under investigation. —*Griffith v. State,* 90 Ala. 583, 8 South. 812; *Ragland v. State,* 178 Ala. 59, 59 South. 637.  So far as that doctrine is concerned, the witness brought his testimony into full accord with the authorities above.  The arrest, as the uncontradicted evidence showed, followed immediately upon the commission of the offense charged to defendant, and, as has appeared, the witness' testimony was that he knew defendant's character at the time of his arrest.  Presumably he was speaking of what he said he knew. If the question and answer had been framed in strict accordance with the logic of the rule of law defendant sought to invoke by his objection, they would have been stated in the past tense, and would thus have indicated their limitation to the period before

[Sturdivant v. Mt. Dixie S. L. & I. Co., et al.]

the charge brought against the defendant; but the matter brought into issue by this testimony was the present credibility of the defendant as a witness—the present weight and value of his testimony—and there is nothing in the record to warrant the inference that the witness being examined based his estimate of defendant's character upon any opinions expressed or information acquired post litem motam. To reverse this judgment on the consideration here urged would be to proceed to that conclusion, not upon prejudicial error shown, but upon a mere refinement as to the tense in which the witness spoke, too nice for any practical purpose. There is no substantial reason for supposing that the witness' estimate of defendant's character had been in the least affected by anything occurring after defendant was arrested.

(3) Referring to another objection taken to the question and answer: Defendant had lived in Ensley for some months before the commission of the offense charged against him. But Ensley, it appears, was a part of Birmingham, and, apart from that, defendant had a reputation among people who knew him in Birmingham proper. There was no error in allowing proof of his reputation or general character in Birmingham.—*Watson v. State,* 181 Ala. 53, 61 South. 334.

The foregoing observations apply also to the exceptions reserved upon the examination of the witness Brannon.

There is no error, and the judgment and sentence of the trial court must be affirmed.

Affirmed. All the Justices concur.