## PERRY v. STATE.  (7 Div. 494.)

(Supreme Court of Alabama.   June 19, 1924.)

1. **Criminal law** ⚖⇒321—Indictment presumed presented in presence of eleven grand jurors.

In absence of contrary showing, presumption is that an indictment, indorsed and filed, was presented to the court by foreman of grand jury in presence of at least eleven other jurors.

2. **Criminal law** ⚖⇒829(1)—Refusal of request covered by charges given held not reversible error.

Refusal of requested charges, covered by charges given, held not reversible error.

3. **Homicide** ⚖⇒151(3)—Instruction as to burden of proving necessity for taking life held to require too great degree of proof.

An instruction that the burden rested on defendant to prove to the reasonable satisfaction of the jury the necessity for taking decedent's life, and that there was no reasonable avenue of escape, held reversible error.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Houston Perry was convicted of murder in the second degree, and he appeals. Reversed and remanded.

Motley & Motley, of Gadsden, for appellant.

The number of grand jurors present being left blank, there was no sufficient indictment. Code 1907, § 7152. The burden of proof is on the state, and does not shift to defendant, except in cases of special defenses. Clemons v. State, 167 Ala. 20, 52 South. 467; Baker v. State, 19 Ala. App. 432, 98 South. 213; Roberson v. State, 183 Ala. 43, 62 South. 837. Other charges of the court did not cure the erroneous instruction. Berry v. State, 209 Ala. 120, 95 South. 453.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAYRE, J. [1] The blank in the indorsement on the indictment does not show that

the indictment was returned into court in the presence of less than eleven members (other than the foreman) of the grand jury. The indictment was indorsed "A true bill," and this indorsement authenticated by the signature of "L. L. Kirk, foreman of the Grand Jury." This indorsement, along with the filing by the clerk, sufficiently establishes the authenticity of the indictment. In the absence of a showing to the contrary, the presumption must be indulged that it was presented to the court by the foreman of the grand jury in the presence of at least eleven other jurors. McKee v. State, 82 Ala. 32, 2 South. 451; Fogg v. State, 197 Ala. 278, 72 South. 522.

[2] The propositions advanced by defendant in charges 1 and 2, refused to him, were amply covered by other charges given at his request. As to the charges mentioned, there was no reversible error.

[3] The leading proposition of this appeal, defendant's main cause of complaint, is that the court, instructing the jury on the subject of self-defense—the only litigable question in the case—told the jury that the burden rested upon defendant to prove to the reasonable satisfaction of the jury the necessity for taking the life of deceased, and that there was no reasonable avenue of escape. That. this burden in some sort rested upon the defendant has long been the settled law of this court. The proposition has been frequently stated by the court. It will suffice to cite a few of the cases. Gibson v. State, 89 Ala. 121, 8 South. 98, 18 Am. St. Rep. 96; Naugher v. State, 105 Ala. 29, 17 South. 24; Henson v. State, 112 Ala. 41, 21 South. 79; McGhee v. State, 178 Ala. 4, 59 South. 573. But defendant's complaint is that the burden was too heavily laid upon him, that he should not have been required to prove the named elements of self-defense to the reasonable satisfaction of the jury, but that he met the requirements of the law if his evidence created a reasonable doubt as to whether he acted in self-defense, and the latest decisions of this court have been in accord with this contention. McGhee v. State, supra; Roberson v. State, 183 Ala. 43, 62 South. 837; Ex parte State ex rel. Attorney General in re Baker v. State, 210 Ala. 374, 98 South. 215. True, the court also instructed the jury to acquit if, upon the whole evidence, that tending to support the plea of self-defense included, they entertained a reasonable doubt whether the defendant had acted in self-defense; but, as to that, it is complained that, by refusing to change its instruction on this point when exceptions were reserved, the court added emphasis to its erroneous statement of the law (Berry v. State, 209 Ala. 120, 95 South. 453), and that the trial court could not avoid a reversal by charging the law in contradictory ways, for, in such case, the jury would not know which instruction to follow (Roberson v. State, 183 Ala. 60, 62 South. 837). We apprehend the trial court intended no ambiguous statement of the law—in fact there are decisions of this court which may seem to sustain the court's method of stating the law of self-defense to the jury; but, in view of the later cases to which we have referred, the court concludes that the judgment of conviction in this case should be reversed.

Reversed and remanded.

ANDERSON, C. J., and GARDNER, and MILLER, JJ., concur.