213 So.2d 394

**Ralph POUNDERS**

v.

**STATE of Alabama.**

**8 Div. 299.**

Supreme Court of Alabama.

July 11, 1968.

Chas. A. Ball, Jr., Tuscumbia, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

COLEMAN, Justice.

Defendant was convicted for murder in the second degree and sentenced to imprisonment for twenty-five years in the penitentiary.

On the trial, defendant pleaded not guilty and self-defense. At the request of the state, the court gave the following written charge:

"State 2. I charge you gentlemen of the jury, that if the defendant's testimony admits an intentional killing with a deadly weapon, then the burden is on the defendant to prove that he was in imminent peril of life or serious bodily harm and that he shot to protect himself, and he must show this before he is entitled to invoke the doctrine of self-defense even though he was in his own home and

had no duty to retreat and was free from fault in provoking the difficulty."

The charge instructs the jury that " * * the burden is on the defendant to prove that he was in imminent peril of life * * *.," etc.

In Ex parte Williams, 213 Ala. 121, 104 So. 282, this court reversed for giving a charge which recited in pertinent part as follows:

"'The burden rests upon this defendant to satisfy the jury that two of the elements of self-defense existed; * * * he must satisfy you that before he struck to kill the danger existed * * *.'"

■ A plea of self-defense in a criminal trial is not an affirmative plea of confession and avoidance on which defendant has the burden of proof as he does on such a plea in a civil case. Lester v. State, 270 Ala. 631, 634, 121 So.2d 110.

■ As to self-defense, defendant "* * met the requirements of the law if his evidence created a reasonable doubt as to whether he acted in self-defense * * *." Perry v. State, 211 Ala. 458, 459, 100 So. 842.

The charge, given for the state in the case at bar, places on defendant a burden greater than that which the law requires him to bear, and, for that reason, the charge is an incorrect statement of the law.

The authorities governing charges to the jury on the burden of proof as to self-defense are cited and quoted extensively in the cases cited above and in Lester v. State, 40 Ala.App. 503, 121 So.2d 107, cert. denied, 270 Ala. 631, 121 So.2d 110. We will not repeat them here.

For giving state's requested charge 2 the judgment is reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and KOHN, JJ., concur.