260 So.2d 422

Phillip KEY

v.

STATE.

6 Div. 72.

Court of Criminal Appeals of Alabama.

March 7, 1972.

Rehearing Denied March 28, 1972.

William Conway, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

ALMON, Judge.

Phillip Key was convicted by a jury of murder in the second degree and sentenced to thirty years in the penitentiary.

Robert Lyons, Jr., died as a result of a knife wound inflicted by the appellant. This occurred outside a place in Jefferson County known as "Miss Mattie's", which was described as a "teenage hangout." It is inferable from the record that a party was in progress inside Miss Mattie's and that several young men had been arguing. The exact nature of the argument or difficulty is not clear. The evidence is somewhat confusing but at one time or another during the affray all persons involved "had their knives out," including the deceased and the appellant.

The trial judge submitted the issue of self defense to the jury and in so doing charged orally as follows:

"Now, the burden is on the defendant to reasonably satisfy you of the truthfulness of that plea, except the State of Alabama is not relieved of the burden of proof from the very first that the defendant was at fault in bringing on the difficulty. And that plea, if it's proven to you, is an absolute defense to all three degrees of homicide, as I have defined them to you.

.    .    .    .    .    .

"MR. CONWAY: I'm going to except to your honor's charge as to the burden of proof being on the defendant to establish the law of self defense.

"THE COURT: Ladies and gentlemen, regardless of where the burden of proof is as to self defense, the burden of proving this defendant guilty begins and ends with the State of Alabama to prove that he's guilty as charged."

It is the duty of the jury to consider all the evidence in the case, including

the evidence offered by the defendant on his plea of self defense, and if any evidence or all of it raises in the minds of the jury a reasonable doubt as to the defendant's guilt, he should be acquitted. After the State adduces sufficient evidence to make out a prima facie case of the offense charged, then for a defendant to be entitled to an acquittal on self defense he must offer so much evidence which, when considered with all the other evidence in the case, would produce in the minds of the jury a reasonable doubt of his guilt.

This matter was thoroughly discussed in Lester v. State, 270 Ala. 631, 121 So.2d 110. See also Ex parte Williams, 213 Ala. 121, 104 So. 282, in which our Supreme Court said:

"The defendant's burden in this behalf has often been loosely referred to as the burden of proving self-defense, and sometimes as the burden of reasonably satisfying the jury of the existence of the two elements above referred to. But the actual burden is not a burden of proof, in the ordinary sense of the phrase, to establish an issue to the reasonable satisfaction of the jury, but a burden merely of offering enough evidence tending to show these two elements to generate, in connection with all the other evidence, a reasonable doubt of defendant's guilt of the unlawful killing charged. Henson v. State, 112 Ala. 41, 21 So. 79; McGhee v. State, 178 Ala. 4, 11, 59 So. 573; Roberson v. State, 183 Ala. 43, 58, 62 So. 837; Ragsdale v. State, 134 Ala. 24, 35, 36, 32 So. 674; Baker v. State, 19 Ala.App. 432, 98 So. 213, affirmed 210 Ala. 374, 98 So. 215; Perry v. State, 211 Ala. 458, 100 So. 842."

The judgment appealed from is therefore due to be reversed and the cause remanded for a new trial.

Reversed and remanded.

PRICE, P. J., and CATES and TYSON, JJ., concur.