268 So.2d 45

**Mazarine W. STOWE**

v.

**STATE.**

**6 Div. 296.**

Court of Criminal Appeals of Alabama.

Oct. 17, 1972.

---

14

Nolen & Enslen, Fayette, for appellant.

William J. Baxley, Atty. Gen. and David W. Clark, Asst. Atty. Gen., for the State.

PER CURIAM.

The appellant was charged, tried, and convicted of murder in the first degree and sentenced to life in the penitentiary.

He relied upon self-defense under his general plea of not guilty. In offering testimony, directed to this plea, the appellant testified in substance that on the day of April 26, 1970 he had been with Rosie Lee Maddox, the sister of the deceased, George Woods. Sometime later on in the forepart of the night he returned to her apartment in a housing project in Fayette, Alabama, to see her and found her sitting in an automobile in front of the apartment.

He saw her but did not recognize the deceased, who along with Charlene Wilson, was sitting in the car. He "banged" on the top of the car with his hands at which time George Woods got out and a few words were exchanged between the two in which Woods resented his action in hitting the top of the automobile.

He then apologized for his action and left the scene after telling Rosie Lee that he would be back. He did drive away in his automobile in which he kept a loaded pistol and after a short while came back to the scene of the first incident.

He testified that it was his habit to take the gun out of the car when he left the car for any length of time and on this occasion he put the gun in his pocket and proceeded to walk toward Apartment 13 where Rosie lived.

At that time George Woods, who had been sitting on the hood of another car, cut across the lawn in front of the apartment and reached the front door stoop ahead of him, telling him he could not come in to see his sister that night. He further testified Woods cursed him and threatened to "pull his head off"; that he discovered that the deceased had an open knife in his hand and that the light from within the apartment reflected on the blade of the knife.

After a short exchange of words, he stepped back and told the deceased not to come on him but Woods kept advancing and appellant backed four or five steps at which time Woods was still advancing on him; that he fired one shot into the ground which did not stop Woods and then fired two other shots, both of which apparently struck him causing the wounds from which he died.

The trial court recognized that there was testimony offered tending to establish elements of self-defense and charged the jury upon that defense.

In a series of questions the appellant attempted to show that he had suffered from a heart condition sometime before the killing of the deceased, that he had been undergoing treatment for a heart condition and was taking medicine for that condition at the time of the shooting, could not run or walk fast without getting out of breath and had been scheduled for heart surgery shortly before the incident. Objections to these questions by the State were sustained.

In this action of the court, we think there was error. As a general rule, physical condition of defendant is not admissible when offered in evidence by a defendant unless there is evidence tending to show self-defense. Smith v. State, 209 Ala. 666, 96 So. 779.

We are aware of the limitations of the rule which requires the showing of the condition of the parties to the affray only at the time of the killing, but we think this testimony in the case at bar seems to point out and throw light on the condition of the defendant at the time of the killing and that from it the jury could draw this conclusion as a reasonable inference. Brooks v. State, 45 Ala.App. 196, 228 So.2d 24.

In brief the appellant further urges that the court erred in refusing requested written charges A(2), A(3), A(4), and A(5).

A(2) was adapted from charge 16 held good in Suggs v. State, 36 Ala.App. 66, 54 So.2d 794. But there the court had not fully covered the substance in its oral charge. This is not so in the case at bar since the court did cover the pertinent principle in its oral charge.

Charge A(3) was verbatim charge 2 held good in Baker v. State, 19 Ala.App. 432, 98 So. 213. This charge reads as follows:

"If upon all the evidence the jury have a reasonable doubt as to whether or not defendant was free from fault in bringing on the difficulty; as to whether or not at the time of striking the fatal blow defendant was or reasonably apparently was, and honestly believed he was, and acted in belief that he was, in imminent danger of losing his life or sustaining great bodily harm at the hand of the deceased; and as to whether or not he could not or it reasonably appeared that he could not have retreated without increasing his danger, he must be acquitted."

See also Jones, Ala. Jury Instructions, § 7467.

16

The court in its oral charge did not cover the principle set out in A(3) and thus committed error in its refusal. This instruction was further in conflict with the oral charge of the court in which the court charged the jury that the burden of proof was upon the defendant to reasonably satisfy them of the elements of his plea of self-defense. Although this instruction earlier had been upheld in some cases, the later rule now definitely settled in our courts, is that the only burden resting on the defendant under his plea of self-defense is to offer such evidence as will, when considered with the whole evidence, generate in the minds of the jury a reasonable doubt of guilt. Lester v. State, 40 Ala.App. 503, 121 So.2d 107; cert. denied (but with approving opinion) 270 Ala. 631, 121 So.2d 110.

A(4) has been held good in Black v. State, 5 Ala.App. 87, 59 So. 692, but was covered in the oral charge in the case at bar.

A(5) held good in Sterrett v. State, 31 Ala.App. 161, 13 So.2d 776, was also covered by the oral charge of the court.

The court refused to give numerous other charges requested by the appellant. Some of these charges were abstract, some affirmative in nature which were properly refused and the remainder covered by the oral charge of the court. Therefore, no error appears in this action of the court.

For the errors heretofore indicated, this cause is reversed and remanded.

The foregoing opinion was prepared by W. J. HARALSON, Supernumerary Circuit Judge, and adopted by this court as its opinion.

Reversed and remanded.

All the Judges concur.