274 So.2d 100

**Augusta MASON**

v.

**STATE.**

**1 Div. 293.**

Court of Criminal Appeals of Alabama.

Feb. 27, 1973.

Fred F. Smith, Jr., Pritchard, for appellant.

William J. Baxley, Atty. Gen., and George White, Special Asst. Atty. Gen., for the State.

SIMMONS, Supernumerary Circuit Judge.

Appellant, hereinafter referred to as defendant, was indicted for killing his wife under such circumstances as to constitute murder in the first degree. The jury convicted him of manslaughter in the second degree and fixed his punishment at one year's imprisonment in the county jail and a fine of $500.00.

Following allocution, the trial court entered judgment in accordance with the jury's verdict. The fine and costs not being presently paid, the court ordered the defendant imprisoned in the county jail for one hundred and forty days.

It appears without dispute that the fatal stabbing which resulted in the death of the victim took place in the home of defendant and his wife, who was the victim. A dispute arose over defendant's demand that his wife pay a part of the utility bill for water service. She refused to comply

with the demand. The ire of both parties was aroused. Abusive words and invectives punctuated the confrontation between them. The culmination was the use by defendant of some scissors on the person of his wife, while she used an ice pick on the person of her husband. Defendant contended that he acted in self defense to escape a fatal stabbing or bodily injuries in the use of the ice pick. One of the wounds inflicted by the scissors caused the death of Mrs. Mason.

There was considerable evidence delineating the details of the tragedy and what occurred just prior thereto; also immediately after the blows were passed. It was the prerogative of the jury to resolve the conflicting testimony and determine therefrom the facts. The facts as the jury determined fastened guilt on defendant.

■ The defendant on arraignment entered a plea of not guilty and "not guilty by reason of self defense." The latter special plea was unnecessary because it was embraced in the plea of not guilty.

Defendant contends on this appeal that the trial court erred to his prejudice in refusing to give at his request written charge No. 13 as follows:

"The Court charges the jury that if upon the evidence, the jury has a reasonable doubt as to whether or not the defendant was free from fault in bringing on the difficulty; as to whether or not at the time of the stabbing, the defendant apparently was, and honestly believed he was, and active in the belief that he was, in imminent danger of losing his life or sustaining great bodily harm at the hands of the deceased; he must be acquitted."

■ Counsel for defendant refers in his brief to Charge No. 2, set forth in Baker v. State, 19 Ala.App. 432, 98 So. 213, as supporting his contention of error in such refusal, supra. But Charge No. 2 is more explicit and definite than Charge No. 13, supra, which is ambiguous and confusing.

The use of the word, "active," in Charge No. 13 injects confusion and uncertainty. If the use of this word was an error, it is charged to defendant and not the trial court. The written charge must be given or refused in the terms in which it is written. Tit. 7, § 273, Code of Alabama, recompiled 1958. The court did not err in refusing to give written Charge No. 13.

■ Defendant also asserts here that the court's refusal to give written Charge No. 14 was error. This refused charge reads as follows:

"The Court charges the jury that if the jury finds from the evidence that the conduct of the deceased was such as to reasonably lead the defendant to believe that the deceased was about to inflict some great bodily harm on his person, that the defendant, acting on such reasonable belief of great bodily harm, stabbed the deceased and killed her, then the jury should acquit the defendant."

There was no error in this refusal. The charge was substantially and fairly covered by the court's general charge to the jury. There was no error in this action of the court. Tit. 7, § 273, Code, supra.

Defendant also contends that the trial court committed reversible error in refusing to give at his request written Charge No. 17, and cited Sterret v. State, 31 Ala. App. 161, 13 So.2d 776, at page 779, wherein a similar charge was approved. Charge No. 17 reads as follows:

"The Court charges the jury that if you believe from the evidence in this case that the defendant honestly believed he was in imminent peril, or liable to receive great bodily harm from the deceased, then the defendant had a legal right to act and to protect himself from such apparent peril or harm, even though no great bodily harm may have been actually inflicted upon him."

This charge also was substantially and fairly covered by the trial court's oral charge. Its refusal was not error. Tit. 7,

§ 273, Code, supra. The trial court was free of error in such refusal.

The trial court admitted in evidence at the instance of defendant a certified hospital record of Mobile General Hospital relative to the condition and treatment of the wounded defendant. Defendant then proposed that his witness, Dr. Wert, a qualified physician, be permitted to interpret and translate for the jury some medical terminology or technical terms in the record so that they would be in layman's language. The trial court sustained the State's objection to the proposed translation.

For aught appearing in the record the person who made the entries in the hospital record was available as a witness to translate and interpret his entries and submit to cross-examination with reference thereto. Interpretation or translation of medical terms used in medical works was approved in Oakley v. State, 135 Ala. 29, 33 So. 693. The subjects of the proposed translation were entries made by a local person concerning the injuries to defendant. The record cannot be classified as a medical work of a well-known and approved authority on a medical question involved. We are unwilling to extend the pronouncement in the *Oakley* case to include entries in a local record by a local person or physician, particularly where it is not shown that the person making the entries was not available.

We find no prejudicial ruling of the court which would justify a reversal of the judgment in this cause. The judgment is affirmed.

The foregoing opinion was prepared by BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge on this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of this Court.

Affirmed.

All the Judges concur.