292 So.2d 671

Lemuel VAUGHN

v.

STATE.

8 Div. 284.

Court of Criminal Appeals of Alabama.

Jan. 2, 1974.

Rehearing Denied Feb. 12, 1974.

Donald E. Holt and J. Douglas Evans, Florence, for appellant.

William J. Baxley, Atty. Gen., and Jonathan Prince Gardberg, Sp. Asst. Atty. Gen., for the State.

ALMON, Judge.

Lemuel Vaughn was indicted for the first degree murder of his wife, Ernestine Vaughn. He was found guilty by a jury of murder in the second degree and his punishment was fixed at twenty years.

The body of the deceased was found in a "manhole" on September 10, 1971, by workmen employed to perform maintenance on a sanitation sewer. Subsequent to this discovery, a State toxicologist performed an autopsy which led to the conclusion that death resulted from severe brain injury occasioned by multiple blows to the right side of the head. The toxicologist also testified that deceased's throat had sustained a cut four inches long, which severed the trachea, two major vessels, the carotid artery and the jugular vein. Notwithstanding the fatal nature of the cut, the toxicologist concluded that death resulted from brain trauma.

The evidence was uncontroverted that the deceased came home from her job around 3:00 p. m. September 8, 1971, and engaged in argument with her daughter, Katrina. It appears that the argument was provoked by the deceased and continued until appellant returned home from his job. Appellant intervened in the argument and chided deceased for her having heaped unsavory characterizations and accusations upon Katrina. Evidence favorable to appellant tended to show that the deceased charged Katrina with a butcher knife following which appellant again intervened, stepped between the mother and daughter, and advised the daughter to leave and return with deceased's mother. During Katrina's absence, the homicide occurred.

Appellant testified that deceased charged at him with the butcher knife and that he, having retreated some seventy feet to a flower bed, picked up an andiron and began swinging it with the intention of repelling deceased's advances. Appellant testified that he did not know whether or not he actually struck Ernestine with the andiron but that during the scuffle both he and Ernestine "went to the ground." After deceased fell to the ground, he noticed blood emerging from her throat. Appellant attributed the deceased's throat having been cut to a fortuitous event accompanying the fall. Appellant testified that he dragged the body to a manhole located in an alley behind his dwelling and, because of his desire to conceal the body from Katrina, threw it in the manhole. Appellant testified that he intended to remove the body

from the manhole and reveal the details of the homicide to the authorities, but was unable to remove the body. The chain appearing around the neck and the abdomen of deceased's body was the means by which appellant attempted to remove the body from the manhole.

The defense appeared to have relied upon accident and self-defense. The evidence presented a jury question.

## I.

It is argued by appellant that the trial court erred in giving the State's requested affirmative charge on the issue of former jeopardy. The record shows that the trial court declared a mistrial after a jury had been impaneled and sworn to try the case. It affirmatively appears in the record that the mistrial was the result of defense counsel's objection to the size of the venire from which the jury was struck. After the mistrial was declared and the jury discharged, appellant objected to the mistrial. The record implies appellant's acquiescence in the mistrial prior to his objection occurring after the jury's discharge. It has been held that an accused is estopped to plead former jeopardy when at his instance the sworn jury is discharged and the cause continued for trial at a later date. Stone v. State, 160 Ala. 94, 49 So. 823.

■ Irrespective of an estoppel, we feel that appellant cannot prevail on the jeopardy issue. The record shows that the jury was discharged prior to a reading of the indictment and appellant's having pled thereto in the jury's presence. Accordingly, jeopardy had not attached. Spencer v. State, 48 Ala.App. 646, 266 So.2d 902; Murray v. State, 210 Ala. 603, 98 So. 871.

We have considered appellant's contention that the court in effect read the indictment to the jury when he apprised the jury of the essential facts contained in the indictment. This, however, occurred prior to the time the jury was sworn and impaneled and did not precede a plea by appellant to the indictment in the jury's presence. The Court in *Murray,* supra, made the following remarks:

" . . . The pleas of former jeopardy should have alleged that, *after* this jury was selected, impaneled, and sworn, the indictment was read to them, and the defendant plead to it before them. Each plea failed to contain this averment. This defect in each plea was fatal to it, and the demurrers of the state pointing it out were properly sustained by the court. . . ." (Emphasis supplied.)

We conclude that the trial court committed no reversible error in giving the affirmative charge on the jeopardy issue.

## II.

Appellant contends that he was not duly arraigned inasmuch as the record affirmatively shows that the pleas of not guilty and not guilty by reason of insanity were entered by defense counsel and not in *propria persona.* The judgment entry contains the following averment:

"On June 9, 1972, the Defendant being present in open Court with his attorney files pleas of Former Jeopardy and subject to the disposition of his pleas of former jeopardy, is further arraigned and upon arraigned [sic] entered a plea of not guilty and not guilty by reason of self-defense and not guilty by reason of insanity."

It is contended that other portions of the record proper impeach this part of the judgment entry. It is true that the record shows that the pleas in bar emanated from the mouth of the attorney rather than from the mouth of the defendant.

■ We feel that Boyd v. State, 41 Ala.App. 507, 138 So.2d 60, is dispositive of this issue. In *Boyd,* the judgment entry recited that the accused had been duly arraigned; whereas, testimony offered in support of a motion to amend the judgment entry on this point showed that the plea of

not guilty was uttered by defense counsel rather than by the accused. As we read *Boyd,* supra, we construe the rule therein formulated to be: when pleas of not guilty are entered by counsel rather than in *propria persona,* Tit. 15, § 276, Code of Alabama 1940, Recompiled 1958, becomes operative and the trial court is deemed to have entered a plea of not guilty when the judgment entry recites that appellant pled not guilty.

■ Newsome v. State, 49 Ala.App. 248, 270 So.2d 680, is readily distinguishable from the case at bar. In *Newsome,* the accused was never called upon to plead in *propria persona* to the indictment. Whether or not the accused actually pleads to the indictment is not dispositive of the issue of arraignment. The determining factor is whether or not, though he stood mute, he was afforded the opportunity to plead in person to the indictment. Here, the judgment entry to the effect that the appellant was duly arraigned is unimpeached. The only arguable discrepancy in the judgment entry involves the fact that the accused personally entered his pleas. This entry is an appropriate showing that the court entered a plea of not guilty.

Apart from the foregoing rationale, we see nothing inherently repugnant to our system of criminal jurisprudence in holding efficacious counsel's plea of not guilty. The plea of not guilty cannot injure the client's cause. See Thomas v. State, 255 Ala. 632, 53 So.2d 340; *Boyd,* supra; Headley v. State, 51 Ala.App. 148, 283 So. 2d 458; 21 Am.Jur.2d, Cr.Law, § 459.

### III.

■ Appellant claims error in the action of the trial court in excusing prospective jurors while neither the appellant nor his counsel was present. This claim brings into question the constitutionality of Tit. 13, § 125(48i), Code, supra, dealing, *inter alia,* with the excusing of jurors in capital cases in the Eleventh Judicial Circuit.

Any error in this regard, if indeed there be any, would be rendered harmless in view of the jury verdict finding appellant guilty of murder in the second degree and in view of the fact that the judgment entry indicates that appellant waived a capital venire. Carr v. State, 23 Ala.App. 584, 129 So. 484; Thigpen v. State, 49 Ala.App. 233, 270 So.2d 666; McKanney v. State, 51 Ala.App. 529, 287 So.2d 240, 1973.

Moreover, since Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, we have not considered the constitutionality of such acts because offenses previously punishable by death are now considered noncapital felonies. McCaghren v. State, 52 Ala.App. 509, 294 So.2d 756, 1973.

### IV.

The trial judge charged the jury orally as follows:

"The defendant pleading self-defense has the burden of proving that the homicide was committed in self-defense and that the facts that show the killing also show self-defense. If the facts that show the killing do not show that it was done in self-defense, then the person claiming self-defense has the burden of offering you evidence which reasonably satisfies you that his life was in peril and that he was in danger of great bodily harm, and if he has so satisfied you of these elements of self-defense, then the burden is not on him to go further and show that he was free from fault in provoking the encounter or bringing on the difficulty, but the burden is upon the State to show that he was not free from fault in bringing on the difficulty, and if this is now shown, then the defendant is entitled to an acquittal."

The above charge is an incorrect statement of law; however, there was no exception taken to it. The correct rule of law on this point is stated in Lee v. State, 24 Ala.App. 168, 132 So. 61, as follows:

" . . . But in later, in fact, in recent decisions of the Supreme Court, the

charge in question has been held to be error as placing too great a burden upon seems to be, when self-defense is relied the defendant. As now stated, the rule upon, the accused is under the duty only to offer such evidence in support of said plea as will, when considered with the whole evidence, generate in the minds of the jury a reasonable doubt of his guilt. These opinions expressly hold it error to charge the jury that the burden of proof is upon the defendant to establish or prove the two elements of self-defense here involved. Roberson v. State, 183 Ala. 43, 58, 62 So. 837, 842. In that case the court said: 'Strictly speaking, the burden of proof is never on the defendant to establish his innocence, or to disprove the facts necessary to establish the crime of which he is charged; in all criminal cases, if the evidence, any or all of it, after considering all, raises in the minds of the jury a reasonable doubt as to his guilt, he should be acquitted. * * *' "

This matter was thoroughly discussed in Lester v. State, 270 Ala. 631, 121 So.2d 110. See also Key v. State, 47 Ala.App. 692, 260 So.2d 422.

The trial judge refused to give the following written requested charge which we consider to be a correct statement of the law:

"59. The Court charges the jury that the only burden resting on the Defendant with regard to his plea of self-defense is that the Defendant must offer such evidence in support of such plea as will, when considered with the whole evidence, generate in the minds of the jury a reasonable doubt of his guilt."

Under the decisions cited above, it was therefore reversible error to refuse Charge No. 59.

The judgment of conviction is therefore due to be and is hereby reversed and the cause remanded for new trial.

Reversed and remanded.

All the Judges concur.