304 So.2d 6

**In re Lemuel VAUGHN**

**v.**

**STATE of Alabama.**

**Ex parte STATE of Alabama.**

**SC 724.**

Supreme Court of Alabama.

Sept. 12, 1974.

Rehearing Denied Oct. 3, 1974.

For order after remand see, Ala.Cr. App., 53 Ala.App. 744, 304 So.2d 12.

William J. Baxley, Atty. Gen., and Jonathan P. Gardberg, Sp. Asst. Atty. Gen., for the State, petitioner.

J. Douglas Evans and Donald E. Holt, Florence, opposed.

BLOODWORTH, Justice.

We granted certiorari to review a decision and judgment of the Court of Criminal Appeals which reversed and remanded defendant's murder conviction in the Circuit Court of Lauderdale County. Lemuel Vaughn v. State, 53 Ala.App. 744, 304 So. 2d 12.

The sole question presented to us is whether there was reversible error in the refusal by the trial judge to give Charge 59, requested by the defendant, viz.:

"59. The Court charges the jury that the only burden resting on the Defendant with regard to his plea of self-defense is that the Defendant must offer such evidence in support of such plea as will, when considered with the whole evidence, generate in the minds of the jury a reasonable doubt of his guilt."

We hold the trial judge's decision was correct and the judgment of conviction should be affirmed. We therefore reverse and remand the judgment of the Court of Criminal Appeals.

This charge was properly refused for two reasons.

*First*, the charge is *misleading*, if not positively erroneous, because the charge places a *burden* on the defendant and charges that the defendant *"must offer such evidence"* in support of his plea as will, when considered with the whole evidence, generate in the minds of the jury a reasonable doubt of his guilt.

■ Our cases state the rule to be that if all the evidence raises in the minds of the jury a reasonable doubt as to whether he acted in self-defense, the defendant should be acquitted. Lester v. State, 270 Ala. 631, 121 So.2d 110 (1960); Pounders v. State, 282 Ala. 551, 213 So.2d 394 (1968).

In Lester v. State, supra, defendant was convicted of murder in the second degree.

This Court held that giving of the following oral instruction by the trial court constituted reversible error, viz.:

" ' " * * * The burden of proof is on the defendant to show you by competent evidence that there was present impending danger, real or apparent, to his life or limb, or of grievous bodily harm, from which there was no reasonable means of escape, unless the evidence which proves the homicide proves also the excuse or justification. The burden of proof is also on the defendant to establish by competent evidence that he could not retreat, as the court has defined the same to you." ' "

■■ In Pounders v. State, supra, the defendant pleaded not guilty and not guilty by reason of self-defense,[1] but was convicted for murder. At the State's request, the court gave the following written charge:

" 'State 2. I charge you gentlemen of the jury, that if the defendant's testimony admits an intentional killing with a deadly weapon, then the burden is on the defendant to prove that he was in imminent peril of life or serious bodily harm and that he shot to protect himself, and he must show this before he is entitled to invoke the doctrine of self-defense even though he was in his own home and had no duty to retreat and was free from fault in provoking the difficulty.' "

Our Court held:

"The charge instructs the jury that ' * * * the burden is on the defendant to prove that he was in imminent peril of life * * *.,' etc.

"In Ex parte Williams, 213 Ala. 121, 104 So. 282, this court reversed for giving a charge which recited in pertinent part as follows:

" ' "The burden rests upon this defendant to satisfy the jury that two of

---

1. "The latter special plea was unnecessary because it was embraced in the plea of not guilty." Mason v. State, 49 Ala.App. 545, 274 So.2d 100 (1973).

the elements of self-defense existed; * * * he must satisfy you that before he struck to kill the danger existed * * *." ' "

"[1] A plea of self-defense in a criminal trial is not an affirmative plea of confession and avoidance on which defendant has the burden of proof as he does on such a plea in a civil case. Lester v. State, 270 Ala. 631, 634, 121 So.2d 110.

"[2] As to self-defense, defendant ' * * * met the requirements of the law if his evidence created a reasonable doubt as to whether he acted in self-defense * * *.' Perry v. State, 211 Ala. 458, 459, 100 So. 842.

"The charge, given for the state in the case at bar, places on defendant a burden greater than that which the law requires him to bear, and, for that reason, the charge is an incorrect statement of the law."

Both Pounders v. State, supra, and Lester v. State, supra, have been followed in recent cases of the Court of Criminal Appeals. See Stowe v. State, 49 Ala.App. 13, 268 So.2d 45 (1972) and Messer v. State, 45 Ala.App. 718, 236 So.2d 728 (1970).

The rule of our cases is that there is no reversible error in refusing to give a "confusing" or "misleading" charge. Clearly, Charge 59 is confusing and misleading.

*Second,* Charge 59 is positively erroneous, because it places a "burden" on defendant which he does not bear under our law. It positively states "the Defendant must offer such evidence in support of such plea," which is clearly an erroneous instruction.

In Lester v. State, supra, this Court, after exhaustively analyzing our cases, wrote:

"[2–4] A plea of self-defense in a criminal trial is not an affirmative plea

of confession and avoidance on which defendant has the burden of proof as he does on such a plea in a civil case. Because he who asserts must prove, the party who takes the affirmative of an issue has the burden of proof. On trial of an issue of fact, if the evidence is evenly balanced, the party on whom the burden of proof rests must lose. What is the duty of the jury if the evidence is evenly balanced on the issue of self-defense? This court has said:

" ' * * * we feel constrained, both upon principle and authority, to the conclusion that there is no greater burden upon the accused to establish self-defense, by affirmative evidence, than any other defense; but, if "all the evidence raises in the minds of the jury a reasonable doubt as to whether he acted in self-defense, the defendant should be acquitted." * * *.' Henson v. State, 112 Ala. 41, 49, 21 So. 79, 81."

* * * * * *

"This court has not departed from the rule that if from all the evidence the jury have a reasonable doubt whether defendant acted in self-defense the jury should acquit."

* * * * * *

" * * * How can the defendant ever be required to carry the 'burden of proof' on the issue of self-defense under the rule above stated? We are of opinion that defendant does not have the 'burden of proof' as to self-defense, as the phrase 'burden of proof' is used in charges to the jury."

In *Lester,* supra, the trial court had given another oral instruction which the State insisted was a "good" charge on self-defense and made the "bad" charge innocuous. This Court held that it was not persuaded the "good" charge was a correct statement of the law nor that, if it was, the jury could be expected to understand the trial court meant one thing at one time when it mentions "burden of proof" and a

different thing at another time when it uses the same phrase.

Even more in point, in the instant case, can a jury be expected to understand that the court means one thing when it uses the words "burden of proof" in its oral charge and a different thing at another time when it reads the word "burden" in Charge 59?

In fact, there would seem to be no distinction between using the word "burden" and "burden of proof." In the very recent Court of Criminal Appeals' case of Key v. State, 47 Ala.App. 692, 260 So.2d 422 (1972), the trial judge had charged:

" 'Now, the *burden* is on the defendant to reasonably satisfy you of the truthfulness of that plea, except the State of Alabama is not relieved of the burden of proof from the very first that the defendant was at fault in bringing on the difficulty. And that plea, if it's proven to you, is an absolute defense to all three degrees of homicide, as I ·have defined them to you.

.    .    .    .    .    .

" '*Mr. Conway:* I'm going to except to your honor's charge as to the burden of proof being on the defendant to establish the law of self defense.

" '*The Court:* Ladies and gentlemen, regardless of where the burden of proof is as to self defense, the burden of proving this defendant guilty begins and ends with the State of Alabama to prove that he's guilty as charged.' " (Our emphasis.)

The Court, in that case, wrote to reverse for the giving of this oral charge. Thus, whether the word "burden" or the words "burden of proof" are used would seem to be of little significance in this case, particularly when the additional words "the Defendant *must offer such evidence*" appear in Charge 59.

Lee v. State, 24 Ala.App. 168, 132 So. 61 (1931) is cited by the Court of Criminal Appeals. In that case, defendant, who was on trial for murder, offered testimony to sustain his plea of self-defense. His judgment of conviction was reversed because of two portions of the trial court's oral charge on self-defense (to which exceptions were properly taken), viz.:

"(1) 'The burden being on the defendant to prove he was in imminent danger of death, or grievous bodily harm, either actual or apparent.'

"(2) 'Now as I said, the burden is on the defendant, to prove every element of self-defense, except only in this; that the burden is on the State to prove that the defendant was r · free from fault in bringing on the difficulty.' "

The Court in *Lee* quoted from the earlier Supreme Court decision, authored by Mr. Justice Somerville, in Ex parte Williams, 213 Ala. 121, 104 So. 282 (1925). Williams stands in line with the more recent opinions of our Court to the effect that it is reversible error for the trial judge to orally charge the jury that the burden of proof in self-defense rests upon the defendant. The Court in *Williams* uses language which is quoted with approval in *Lee,* viz.:

"In the case of Ex parte Williams, 213 Ala. 121, 104 So. 282, 283, it appears that the lower court instructed the jury as follows:

" 'The burden rests upon this defendant to satisfy the jury that two of the elements of self-defense existed; with regard to self-defense there are two points about which the defendant must satisfy you—he must satisfy you that before he struck to kill the danger existed, either the real or reasonably apparent danger, and then he must satisfy you that to have retreated would have increased his peril, or that it would have so appeared to a reasonable man placed as he then was. * * * And the burden is upon

him to establish the existence of these two elements; he must reasonably satisfy you there.'

"As to this charge the Supreme Court, through Mr. Justice Somerville, said:

" 'This instruction was erroneous (Ragsdale v. State, 134 Ala. 24, 35, 36, 32 So. 674); and it must be held as prejudicial error, working a reversal of the judgment of conviction, notwithstanding the prefatory instruction that the burden was upon the state, as a whole, to convince the jury of the defendant's guilt, upon all the evidence.'

\* \* \* \* \* \*

" 'The defendant's burden in this behalf has often been loosely referred to as the burden of proving self-defense, and sometimes as the burden of reasonably satisfying the jury of the existence of the two elements above referred to. But the actual burden is not a burden of proof, in the ordinary sense of the phrase, to establish an issue to the reasonable satisfaction of the jury, but a burden merely of offering enough evidence tending to show these two elements to generate, in connection with all the other evidence, a reasonable doubt of defendant's guilt of the unlawful killing charged.' "

Taking these two holdings together, with our most recent pronouncements in *Lester,* and *Pounders,* one can only conclude that the Court, in each instance, was simply stating general propositions of law for guidance of bench and bar and not setting forth approved charges to the jury on the subject of self-defense.

Our Court has held that it is a mistake to suppose that expressions appearing in published judicial opinions, although properly there used, can be made to serve as clear, succinct statements of law in special charges to the jury. Wear v. Wear, 200 Ala. 345, 76 So. 111 (1917); Jasper Coca-Cola Bottling Co. v. Breed, 40 Ala.App.

449, 115 So.2d 126 (1959); Trial ☞248, Ala.Dig.

It is thus that we conclude that there was no reversible error in the trial court's refusing Charge 59 because: it is "misleading," and it is never reversible error to refuse a misleading charge; it is positively "erroneous" in placing the "burden of proof" as to self-defense on defendant.

The judgment and decision of the Court of Criminal Appeals reversing the defendant's conviction for the murder of his wife is reversed and remanded.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, COLEMAN, HARWOOD, MADDOX, McCALL, FAULKNER and JONES, JJ., concur.

JONES, Justice (concurring specially).

I have troubled considerably over this opinion for two reasons: (1) The trial Judge in his oral charge erroneously instructed the jury to the effect that defendant had the burden of proof as to his plea of self defense,[1] and (2) defendant's requested charge is lifted virtually word for word out of *Lee,* cited in the foregoing opinion. It is the peculiar setting in which the issue arises that is troublesome.

It was my first impression that while the requested charge uses the expression "burden," it is used in the context approved by *Lee,* i. e., "only burden . . . is that the defendant must offer such evidence in support of [his self-defense] plea . . . ." On further reflection, however, I agree that the requested charge is bad and should not have been given even though the trial Court did not properly orally charge the jury as to defendant's self-defense plea. If we were to approve this requested charge in this case, we would thereby establish a precedent for the giving of such charge at the request of the

[1]. It should be noted that defendant did not except to that portion of the Court's oral charge.

state or by the court in its oral charge in subsequent self-defense plea cases. In all criminal cases, including this case, in which a plea of self-defense had been entered, the burden of proof is never on the defendant to establish his innocence, or to disprove the facts necessary to establish the crime for which he is charged. If the evidence, any or all of it, after considering it all, raises in the minds of the jury a reasonable doubt as to the defendant's guilt, he should be acquitted.

Because of the potential confusion which might arise in the minds of jurors in any given case by the use of the word "burden" in a jury charge in connection with a self-defense plea (assuming, of course, that the issue of self-defense is properly raised and presented by the evidence), I suggest a charge in substance as follows:

Ladies and Gentlemen of the Jury, as you were instructed earlier in connection with his plea of not guilty, the defendant has pleaded that he is not guilty of the charge by reason of self-defense. In other words, he has entered a plea of self-defense. I will now charge you on the law of self-defense:

(Here insert appropriate charge on elements of self-defense.)

You will recall, Ladies and Gentlemen, that I have already charged you that the State has the burden of proof in this case; that is, the State has the burden of proving that the defendant committed the offense for which he is charged beyond a reasonable doubt and to a moral certainty.

Now, you may well be asking yourselves, in light of the defendant's plea of self-defense, does the defendant have the burden of proving the elements necessary to sustain such a plea? I charge you that the burden of proof to conclusively establish such a plea of self-defense is never on the defendant; rather, it is sufficient to sustain the defendant's plea of self-defense if, after a fair consideration of all of the evidence, when taken as a whole, a reasonable doubt is raised in your minds as to whether the defendant acted in self-defense. In all criminal cases, including this case, in which a plea of self-defense has been entered, the burden of proof is never on the defendant to establish his innocence, or to disprove the facts necessary to establish the crime for which he is charged. If the evidence, any or all of it, after considering it all, raises in your minds a reasonable doubt as to his guilt, he should be acquitted.