317 So.2d 529

**Owen L. COOPER, Sr.**

**v.**

**STATE.**

**5 Div. 245.**

Court of Criminal Appeals of Alabama.

June 17, 1975.

Rehearing Denied July 29, 1975.

James T. Gullage, Opelika, for appellant.

William J. Baxley, Atty. Gen., and Charles N. Parnell III, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant, an indigent, was indicted for assault with intent to murder and convicted of assault. Fine; five hun-

dred dollars, fixed by the jury. The trial court added six months in jail. This appeal is from the judgment.

The trial court instructed the jury that in order for defendant to rely on his defense of self-defense:

> "[H]e *must prove* three things, and I'll read them to you: First, the defendant must be absolutely free from fault in bringing on the difficulty; second, he must be in imminent danger, either real or apparent, of losing his life or suffering great and serious bodily harm, and the third element, the defendant, he must retreat if there is an avenue of retreat open to him, unless the retreat increases or enhances the danger to his life or to his limb. In other words, for him to rely on self-defense there must be three things present: He must be free from fault from bringing on the difficulty; he must be in imminent danger of either losing his life or suffering grave or serious bodily harm; and he must retreat if possible. Now, as I said before, the defendant had the *burden to offer* some evidence *that he was in actual or apparent danger and that he had no method by which to retreat without increasing his danger.* But the State, if he does that, it does offer some evidence of those two things, that he was in some danger apparent or real, and he had no method by which to retreat, then, that would put the burden on the State to show that the defendant was not free from fault in bringing on the difficulty. But those are the three items which make up what we call the defense of self-defense." (Emphasis added.)

It appears that the defendant did not except or object to the mandate "he must prove," etc., supra, but did except or object as follows:

> "We also except to that part of the Court's oral charge that the defendant must retreat if there is an avenue of retreat open.

> "We also except to the Court's Oral Charge that the defendant is under the burden of offering evidence to this fact. There has been no testimony that a retreat was available."

■ The last paragraph erroneously placed on defendant the burden of offering evidence of retreat. In *Vaughn v. State,* 293 Ala. 365, 304 So.2d 6, the Supreme Court had under consideration defendant's written and refused charge 59, as follows:

> " 'The Court charges the jury that the only burden resting on the Defendant with regard to his plea of self-defense is that the Defendant must offer such evidence in support of such plea as will, when considered with the whole evidence, generate in the minds of the jury a reasonable doubt of his guilt.' "

Justice Bloodworth, writing for the court, observed:

> "In fact, there would seem to be no distinction between using the word 'burden' and 'burden of proof.'

> " . . . Thus, whether the word 'burden' or the words 'burden of proof' are used would seem to be of little significance in this case, particularly when the additional words 'the Defendant must offer such evidence' appear in Charge 59."

We comment that the instruction that the defendant "must prove three things and I'll read them to you" (then follows elements of self-defense) was erroneous. There was no exception.

But later in this charge the court instructed the jury that:

> " . . . [T]he defendant had the burden to offer some evidence that he was in actual or apparent danger and that he had no method by which to retreat without increasing his danger. . . . "

■ Retreat is an element of self-defense. The imposition of the burden on

defendant to offer evidence of retreat invited an exception, supra, and was error to reverse. *Vaughn v. State,* supra. We here note that this case reversed and remanded our case of *Vaughn v. State,* 52 Ala.App. 377, 292 So.2d 671. We affirmed on authority of 293 Ala. 365, 304 So.2d 6. See *Vaughn v. State,* 53 Ala.App. 744, 304 So.2d 12, for affirmance.

The Supreme Court held that there was no error in refusing Charge 59, supra, for that it was "misleading" and positively "erroneous" in placing the "burden of proof" as to self-defense on defendant.

We are constrained to reverse the instant judgment and remand the cause. It is so ordered.

The foregoing opinion was prepared by the Hon. Bowen W. Simmons, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Reversed and remanded.

All the Judges concur.