BOWEN, Presiding Judge.
Leonard Ray Wilson, Sr. was convicted of assault in the second degree and sentenced to ten years’ imprisonment. That conviction is reversed because the trial court erroneously instructed the jury on the burden of proving self-defense.
The objectionable portions of the trial court’s oral charge appear in the record as follows:
“Now, at this point, I mentioned to you the defendant has pleaded not guilty by reason of self-defense. I want to try to explain to you what the defendant is required to — or what the law of self-defense includes.
“In other words, the — before you can acquit the defendant because of self-defense, of course the defendant must convince you that he was justified in doing whatever you find that he did. And this is basically — triggers the law of self-defense.”
After charging the elements of self-defense, the trial judge further stated:
*563 “Now that’s the law I am reading to you from the Code of Alabama, Sec. 13A-3-23. Realizing that that is not as clear as it might possibly be, I will point out to you further that there are three main elements which the defendant must convince the jury of before you could find that he was justified in self-defense in whatever you find that he did.” (Emphasis added.)
Error is found in these instructions on authority of Vaughn v. State, 293 Ala. 365, 367, 369, 304 So.2d 6, 7, 10 (1974), cert. denied, 423 U.S. 857, 96 S.Ct. 109, 46 L.Ed.2d 83 (1975).
“Our cases state the rule to be that if all the evidence raises in the minds of the jury a reasonable doubt as to whether he acted in self-defense, the defendant should be acquitted.”
[[Image here]]
“[I]t is reversible error for the trial judge to orally charge the jury that the burden of proof in self-defense rests upon the defendant.” (Emphasis added.)
In Vaughn, 293 Ala. at 367, 304 So.2d at 7, the murder defendant requested the following charge:
“The Court charges the jury that the only burden resting on the Defendant with regard to his plea of self-defense is that the Defendant must offer such evidence in support of such plea as will, when considered with the whole evidence, generate in the minds of the jury a reasonable doubt of his guilt.”
That charge was condemned not only because it was misleading but also because it was “positively erroneous.”
“Second, Charge 59 is positively erroneous, because it places a ‘burden’ on defendant which he does not bear under our law. It positively states ‘the Defendant must offer such evidence in support of such plea, ’ which is clearly an erroneous instruction.” Vaughn, 293 Ala. at 368, 304 So.2d at 8 (emphasis added).
In Traweek v. State, 380 So.2d 946, 955-57 (Ala.Cr.App.), reversed on other grounds, 380 So.2d 958 (Ala.1979), the trial judge charged the jury in part as follows:
“ ‘Now, under certain conditions, gentlemen, and as I say, it is important for you to understand what these conditions are, which the law has laid down, which must be shown by the defendant, unless the evidence for the State proves these things for him, before he, the defendant, can justify or excuse himself on the ground of self defense....’ [Emphasis as in brief of appellant.]”
This Court held that this charge “suggested only that appellant must offer some evidence tending to generate a reasonable doubt of his guilt, if this was not at first accomplished by the State’s case, if, indeed, it suggests anything.” Traweek, 380 So.2d at 957 (emphasis in original).
“We do not agree that the emphasized portion of the court’s oral charge when read with the remainder of the charge, is actually prejudicial. It was immediately qualified by the statement, ‘unless the evidence for the State proves these things for him ... ’ which is simply another way of saying that the jury’s conclusions about the plea of self-defense must come from the evidence, whether part of the State or of the appellant.” Traweek, 380 So.2d at 956.
The error in the oral charge under consideration is that the erroneous portion of the instruction was never “qualified” and it “left the establishment of self-defense to rest upon a reasonable doubt generated from the evidence brought forth by the defendant.” Davis v. State, 40 Ala.App. 118, 120, 112 So.2d 353, 354 (1958), cert. denied, 269 Ala. 695, 112 So.2d 355 (1959). “ ‘[I]t is now definitely settled that the rule as to the burden resting on a defendant where he relies on self-defense as a justification is that he must only offer such evidence as will, when considered with the whole evidence, generate in the minds of the jury a reasonable doubt of his guilt.’ ” Davis, 40 Ala.App. at 120, 112 So.2d at 354, quoting Hubbert v. State, 32 Ala.App. 477, 479, 27 So.2d 228, 230 (1946).
*564 The fact that the trial court instructed the jury in other portions of its charge that the burden of proof was on the State to prove the defendant guilty and that that burden would never shift to the defendant did not cure the error in the charge on self-defense. Ex parte Williams, 213 Ala. 121, 122, 104 So. 282, 283 (1925) (“This instruction was erroneous ...; and it must be held as prejudicial error, working a reversal of the judgment of conviction, notwithstanding the prefatory instruction that the burden was upon the State, as a whole, to convince the jury of the defendant’s guilt, upon all the evidence.”). See also Vaughn, 293 Ala. at 369, 304 So.2d at 6-7. Reading the oral charge as a whole, it does not appear that “the law was fully and fairly stated by the court to the jury.” Roberson v. State, 183 Ala. 43, 59, 62 So. 837, 843 (1913).
A suggested oral charge on the burden of proof and the issue of self-defense was set out by Justice Jones in his special concurrence in Vaughn, 293 Ala. at 371, 304 So.2d at 11-12.
The judgment of the circuit court is reversed and this cause is remanded for further proceedings.
REVERSED AND REMANDED.
All Judges concur.