Albert Emmitt Harper, the appellant, was convicted of murder and was sentenced to 39 years' imprisonment. He raises five issues on this appeal from that conviction.
 I.
The trial court properly refused the appellant's request to instruct the jury that "heat of passion . . . manslaughter is designed to cover those situations where a jury does not believe the defendant is guilty of murder, but also does not believe the killing was totally justified by self-defense." R. 454 (requested instruction 32). The trial court denied this instruction with the following comment:
 "If you can find [case law] give it to me. I would say that is highly suggestive. If *Page 69 
you thought your client was totally innocent you would have a fit if I gave that. I am suggesting to them that if you believe — you don't want to convict him of murder, but don't want him to go free — then convict him of something. That's what you're saying there. I'm not going to do that. It's denied." R. 455.
In Shultz v. State, 480 So.2d 73, 76 (Ala.Cr.App. 1985), this Court noted:
 "As the trial judge stated in his oral charge, § 13A-6-3(a)(2) [defining heat of passion manslaughter], is designed to cover those situations where the jury does not believe a defendant is guilty of murder but also does not believe the killing was totally justified by self-defense."
That statement was quoted in Shiflett v. State, 507 So.2d 1056,1059 (Ala.Cr.App. 1987); Hill v. State, 516 So.2d 876, 882
(Ala.Cr.App. 1987); Johnson v. State, 571 So.2d 375, 377
(Ala.Cr.App. 1990), cert. stricken, 596 So.2d 656 (Ala. 1991); and Gray v. State, 574 So.2d 1010, 1011 (Ala.Cr.App. 1990), and is technically a correct statement of law. However, these cases should not be construed as advocating heat of passion manslaughter as an "imperfect [self-]defense doctrine." SeeAlbert v. State, 488 So.2d 34, 38 (Ala.Cr.App. 1986) (Bowen, P.J., concurring `specially). See also Gwin v. State,425 So.2d 500, 510 (Ala.Cr.App. 1982), cert. quashed, 425 So.2d 510 (Ala. 1983).
The commentary to Ala. Code 1975, § 13A-6-4, states:
 "Section 13A-6-4 [defining criminally negligent homicide] originally included the 'imperfect defense' doctrine where defendant was not wholly justified or excused in an intentional or reckless killing, but, at the same time, he was partially justified because he caused the death in the good faith but unreasonable belief that he had ground for justification (self-defense, use of force in making arrest, necessity, duress, etc.) and is excused to the extent that he should not be held 100% liable for murder or manslaughter (voluntary), but liable only for the crime of criminally negligent homicide. The doctrine has never been formalized under Alabama law, except to the extent that sometimes whether defendant acted reasonably or rashly, hastily or without good judgment, becomes a state of mind closer to 'negligence' than 'malice' or 'intentional,' and is placed by the jury in a manslaughter category. The 1979 legislature repealed the 'imperfect defense' provision."
In this case, the homicide was either intentional or was the result of an accident that occurred while the appellant was attempting to defend himself. The State presented evidence that the appellant had intentionally shot the victim. The appellant presented evidence that the handgun had accidentally discharged as he was attempting to get the weapon away from the victim. The trial court instructed the jury on self-defense, intentional murder, heat of passion manslaughter, and criminally negligent homicide. Under these circumstances, any speculation that, had the requested charge been given, the jury might have found the appellant guilty of heat of passion manslaughter is dissipated by the fact that the jury found him guilty of intentional murder. Ex parte Jordan, 486 So.2d 485,488-89 (Ala. 1986); Phelps v. State, 435 So.2d 158, 167
(Ala.Cr.App. 1983).
Furthermore, the instruction requested by the appellant tended to encourage a "compromise verdict," and the law does not approve or contemplate a compromise verdict.Southerland v. State, 471 So.2d 522, 524 (Ala.Cr.App. 1985). "Statements of law in judicial opinions, especially when taken out of context, are not always proper for jury instructions in other cases." Knighten v. State, 402 So.2d 363, 364
(Ala.Cr.App. 1981).
 II.
The appellant claims that he was entitled to a charge on reckless manslaughter because there was evidence that he had been drinking at the time of the killing. "When the crime charged involves a specific intent, such as murder, and there is evidence of intoxication, the trial judge should instruct the jury on the lesser included offense of manslaughter."Gray v. State, 482 So.2d 1318, 1319 (Ala.Cr.App. 1985), quoted in *Page 70 McConnico v. State, 551 So.2d 424, 426 (Ala.Cr.App. 1988).
We agree with the trial court's finding that there was no evidence of recklessness. R. 452. Compare McLaughlin v. State,586 So.2d 267, 272 (Ala.Cr.App. 1991) (rational basis for instruction on reckless manslaughter existed where the "jury could have determined that the appellant disregarded a known risk of harm by pointing a loaded gun at [the victim] and by struggling with her while the gun was in his hand").
Furthermore, this particular argument was never presented to the trial court. There was no request that the jury be instructed on the legal principles of intoxication as affecting criminal intent.
 III.
Once again, the appellant contends that the trial court erred in refusing his request to instruct the jury on the crime of reckless manslaughter. Bunn v. State, 581 So.2d 559
(Ala.Cr.App. 1991), cited by the appellant, is factually distinguishable from this case because in Bunn the defendant "pulled" a pistol on his apparent attacker. Here, under the evidence presented, the appellant was either guilty of intentional murder or he was innocent because the killing was either in self-defense or was accidental. For this and the other reasons cited above, we find that the trial court properly refused to instruct the jury on reckless manslaughter as a lesser included offense of murder under the facts of this case.
 IV.
The victim, Paul Sidney Little, was a one-third owner of the City Ice Company. The appellant and Little were employed by the Ice Company in a maintenance position. On cross-examination, the appellant stated that he had never stated to Mrs. Little that he intended to buy the ice company. In rebuttal, the prosecution was properly permitted to elicit Mrs. Little's testimony that the appellant had made such a statement. This was not impeachment on an immaterial matter because the appellant's desire to purchase the ice company was one of two motives for the homicide offered by the prosecution. "[T]estimony offered for the purpose of showing motive isalways admissible." Bowden v. State, 538 So.2d 1226, 1235 (Ala. 1988) (emphasis in original).
 V.
The appellant objected to the trial court's failure to instruct the jury that "the burden is never on the defendant to prove each element of self-defense beyond a reasonable doubt and to a moral certainty." R. 452-53. In responding to the appellant's objection, the trial court stated:
 "I covered that. I didn't cover it the way you wanted it covered. I covered it in that the burden is on the State of Alabama and I said this defendant has no burden whatsoever to prove anything. He comes into this court presumed to be innocent. And he has no burden whatsoever." R. 453.
The trial court instructed the jury that the appellant is presumed innocent, that the legal presumption of evidence continues throughout the trial and is a matter of evidence that should be regarded in favor of the accused, that the burden of showing the defendant's guilt is on the State, and that the appellant "does not have to prove himself innocent to your satisfaction" (R. 431). The trial court also instructed the jury on the nature of reasonable doubt, the burden of proof, and that a consideration of all the evidence was necessary in determining the existence of reasonable doubt. Although the trial court did not specifically instruct the jury on the burden of proof in connection with self-defense, the trial court did state: "If you, the jury, believe from the testimony that the defendant is entitled to the principle of self-defense in this case, then you must acquit the defendant." R. 439. The trial court made it clear that the State had the burden of proving the appellant guilty of either murder, manslaughter, or criminally negligent homicide.
It is clear that a defendant bears no burden of proving self-defense. Vaughn v. State, 293 Ala. 365, 367-68,304 So.2d 6, 8 (1974), cert. denied, 423 U.S. 857, 96 S.Ct. 109,46 L.Ed.2d 83 (1975); Wilson v. State, *Page 71 484 So.2d 562, 563 (Ala.Cr.App. 1986). Certainly, where there is any evidence of self-defense, the preferred practice is to instruct the jury that a defendant bears no burden of proving self-defense where such a request is made. However, "[t]he rule is well established that where a portion of the oral charge is erroneous, the whole charge may be looked to and the entire charge must be construed together to see if there be reversible error." Gosa v. State, 273 Ala. 346, 350, 139 So.2d 321, 324
(1961). Applying that principle to the instruction of the trial court in this case, we find no reversible error.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.